Grover, J.
 

 The appeal must be dismissed. The Code, section 272, confers upon referees the same power to allow amendments to any pleadings, etc., as is possessed by the court upon trial, upon the same terms and with the like effect. Section 173 confers power upon the court, in furtherance of justice and upon such terms as may be proper, to amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; or, by inserting other allegations material to the case ; or, when the amendment does not change, substantially, the claim or defence, by confirming the pleading or proceedings to the facts proved. The amendment allowed by the referee was clearly within this section. It merely allowed a correction of an obvious mistake in the answer, by substituting the word knowledge for that of information, so as to bring it literally within the last clause of the first subdivision of section 149 of the Code. It surely required the amendment to make it effectual as a denial of the complaint. The Special Term very properly denied the motion to set this order of the referee aside, and this order of the Special Term was rightly affirmed by the General Term. It is well settled that affirmative relief may be given by the Special Term to a party opposing a motion. The General Term, upon appeal from the order of the Special Term, possesses the same power.
 
 (Johnson
 
 v.
 
 The Supervisors of Delaware Co.,
 
 decided by this court, not yet reported.) The granting of affirmative relief was doubtless the reason why the appellant was not charged with costs.
 
 *96
 
 Allowing the amendment by the refereee and granting affirmative relief to the respondent, were both discretionary. This class of orders are not appealable to this court. (Code, section 11, sub. 4.) It follows that the appeal must be dismissed, with costs.
 

 All concur.
 

 Appeal dismissed.