GEORGE W. CHAPIN et al., Appellants, v. JOHN DOBSON, Respondent.

The rule prohibiting the reception of parol evidence, varying or modifying a written agreement, does not apply where the original contract was verbal and entire, and a part only was reduced to writing; nor does it apply to a collateral undertaking; these facts are always open to inquiry and may be proved by parol.

A referee had power, under the Code of Procedure (§§ 173, 272), on motion made at the close of the evidence in a case, to allow an amendment of a pleading so as to conform it to the proof, where it does not substantially change the cause of action or defense.

Where the referee, without objection on the part of the opposite party, reserved his decision on motion made for such an amendment, and granted it on deciding the case; held, proper.

A contract made in another State will be presumed to have been entered into with reference to the laws of that State, but in the absence of any finding on the subject in an action on the contract in this State, it will be assumed in favor of the judgment that the lex loci is the same as the lex fori.

This action was brought for an alleged breach of an agreement in writing, by which plaintiffs agreed to furnish, and defendant to purchase, certain machines upon terms and at times specified. Defendant alleged, and

was permitted to prove, under objection, a parol agreement made at the same time, and in consideration of which he executed the writing, by which plaintiffs guaranteed " that the machines should be so made that they would do the defendant's work satisfactorily," if not that plaintiffs would take them back; evidence was also given showing a breach of such guaranty. The referee found that the matters in writing and the oral guaranty constituted the contract between the parties. *Held,* that the evidence was properly received, as there was nothing on the face of the instrument to show that it was the whole agreement between the parties, and as the oral guaranty did not controvert, and was not inconsistent with the written contract; also that it was within the province of the referee to make such finding.

*Wilson* v. *Deen* (74 N. Y., 531), distinguished.

(Argued June 5, 1879 ; decided September 16, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of defendant, entered upon the report of a referee.

This action was brought upon the following agreement between the parties :

" PHILADELPHIA, *July* 9, 1868.

" We agree to furnish John Dobson with the following machinery, on terms stated : 16 48-inch and 7 60-inch first Breaker Feeders, at three hundred dollars each delivered at depot at Pawtucket, R. I., to be sent by steamer from Boston to Philadelphia, and allowance of three dollars to be made on each machine for freight. Man's time and expenses from Philadelphia to be charged extra for applying the machines. Terms, cash on delivery, 5 per cent commission to be allowed on each machine, 5 60-inch and 4 48-inch to be delivered as soon as possible, the balance in thirty days thereafter.

" HARWOOD & QUINCY,
                    " *Agents for* CHAPIN & DOWNES.
" I agree to the above.

" JOHN DOBSON."

Plaintiffs delivered a portion of the machines, for which they claimed to recover the purchase-price, with damages for

the refusal on the part of defendant to receive the residue. Defendant's answer alleged, among other things, in substance, that at the time of the execution of said instrument, and in consideration that defendant would execute the same, plaintiffs agreed and guaranteed that the machines would work well and to the satisfaction of defendant, and in case of their failure so to do, that plaintiffs would take them back, and defendant should not be required to pay for them ; that the machines delivered did not work well or to the satisfaction of the defendant, and were useless to him. In consequence whereof, defendant detached them from his machinery ; notified plaintiffs to remove them and refused to accept the residue.

Upon the trial defendant offered evidence proving a parol guaranty to the effect that the machines should be so made that they would do the defendant's work well and satisfactorily, or in case of failure that they should be taken back and not be paid for. This evidence was objected to on the ground that, in substance, the agreement was embodied in the writing, which could not be varied by oral evidence. The objections were overruled, and plaintiffs duly excepted. At the close of the evidence, defendant moved that the answer be amended to conform to the proof. The referee, without objection, reserved his decision ; he subsequently notified the parties that he had drafted his report, and had decided to grant defendant leave to amend his answer. He required defendant to draft his proposed amendments, and in case they were not agreed to, that a day should be fixed for hearing the objections. Defendant's attorney submitted an amended answer setting forth the guaranty as testified to by defendant's witnesses, and also an allegation that the machines delivered were so badly constructed that they could not be made to do defendant's work well or satisfactorily. The referee allowed the amendments, and at the same time delivered his report, wherein he found the facts substantially as alleged in defendant's amended answer. Further facts appear in the opinion.

*M. W. Divine,* for appellants. The rules which should govern the trial of this action, and the admissibility of evidence thereon must be determined by the laws of this State. (Story Conf. of Laws, §§ 629–635; 2 Kent's Com., 462, 463; Westlake on Priv. Internat. Law, 159, 160, 392; Wharton on Conf. of Laws, 764–768; 2 Parsons on Cont., 738–743; 2 Parsons on Bills and Notes, 366–368; *Bayne* v. *Whitehaven Railway Co.,* 3 House of Lords Cases, 19; *Leroux* v. *Brown,* 12 Com. Bench, 801; *Yates* v. *Thompson,* 3 Clark & F., 577, 580; *Don* v. *Lipman,* 5 id., 15–17; *Bank of U. S.* v. *Donnelly,* 8 Peters, 362; *Leroy* v. *Crouninshield,* 2 Mason, 157; *Browne* v. *Chesebrough,* 36 Conn., 39; *Kirkland* v. *Wanser,* 2 Duer, 278; *Bank of Rochester* v. *Gray,* 2 Hill, 227; *Bloomer* v. *Bloomer,* 2 Bradf., 339; *Nash* v. *Tupper,* 1 Cai., 139; *Lodge* v. *Phillips,* 1 John. Cas., 139; *Scoville* v. *Canfield,* 14 J. R., 338; *Vischer* v. *Vischer,* 12 Barb., 645; *Andrews* v. *Herriot,* 4 Cow., 508; *Martin* v. *Hill,* 12 Barb., 631; *Brown* v. *Thornton,* 6 Adol. & E., 185.) Parol evidence was not admissible to vary or add to the contract in this case. (*Van Ostrand* v. *Reed,* 1 Wend., 424; *Wilson* v. *Deer,* 74 N. Y., 531; *Mumford* v. *McPherson,* 1 Johns., 414; *Alston* v. *Mech. Mut. Ins. Co.,* 4 Hill, 329; *Hovey* v. *Am. Mut. Ins. Co.,* 2 Duer, 554; *Ruse* v. *Mut. Ben. Life Ins. Co.,* 23 N. Y., 516; *Mayor of N. Y.* v. *Brooklyn Fire Ins. Co.,* 3 Abb. Dec., 25; *Cleves* v. *Willoughby,* 7 Hill, 834; *Sheckels* v. *Tax,* 1 E. D. S., 253; *Mayor of N. Y.* v. *Price,* 5 Sandf., 542; *Mayer* v. *Moller,* 1 Hilt., 491; *Dodge* v. *Lambert,* 2 Bosw., 570; *Maguire* v. *O'Halloran,* Hill & Den. Supp., 85; *Clark* v. *Crandall,* 3 Barb., 613; *Williams* v. *Fitch,* 18 N. Y., 546; *Baird* v. *Gillett,* 47 id., 187; *Worrall* v. *Parmalee,* 1 Com., 519; *Battin* v. *Ely,* 36 How. Pr., 346.) Evidence in relation to the parol guarantee was not admissible, on the ground that it established a collateral agreement. (*Stevens* v. *Cooper,* 1 J. R. C., 425; *Martin* v. *Rapelye,* 3 Edw., 229; *Erwin* v. *Sanders,* 1 Cow., 249; *Wells* v. *Baldwin,* 18 J. R., 245; *McCartie* v. *Stevens,* 13 N. Y., 527; *Payne* v. *Ladue,* 1 Hill, 116; *Russell* v.

*Kinney,* 1 Sandf., 34; *Brown* v. *Hull,* 1 Den., 400; *Frost* v. *Everitt,* 5 Cow., 497; *Armstrong* v. *Munday,* 5 Den., 166; *Lewis* v. *Jones,* 7 Bosw., 366; *Brady* v. *Piper,* 1 Hilt., 61; *Lowber* v. *Leroy,* 2 Sandf., 202; *St. Nich. Ins. Co.* v. *Merc. Mut. Ins. Co.,* 5 Bosw., 238; *Gridley* v. *Dole,* 4 N. Y., 486; *Lamatt* v. *Hudson Riv. Ins. Co.,* 17 id., 199; *Johnson* v. *Oppenheim,* 55 id., 293; *Van Bokkelen* v. *Taylor,* 62 id., 110; *Shaw* v. *Republic Ins. Co.,* 69 id., 292.) The evidence was not admissible upon the ground that the contract was oral, and that a part only was reduced to writing. (*Potter* v. *Hopkins,* 25 Wend., 417; *Blossin* v. *Griffin,* 13 N. Y., 569; *Hutchins* v. *Hebberd,* 34 id., 24; *Beach* v. *Raritan, etc., R. R. Co.,* 37 id., 457.)

*Thos. Henry Edsall,* for respondent. Defendant was entitled to show the oral promise or guaranty which induced him to sign the writing. (*Cowelton Coal Co.* v. *McShain,* 75 Penn. St., 238; *Shugart* v. *Moore,* 78 id., 469; *Renshaw* v. *Gans,* 7 Barr., 117; *Lippencott* v. *Whitman,* 83 Penn. St., 244; *Kostenbader* v. *Peters,* 80 id., 438; *Graver* v. *Scott,* id., 88; *Campbell* v. *McClenacher,* 7 S. & R., 171; *Clark* v. *Partridge,* 2 Barr., 13; *Dutton* v. *Tilden,* 1 Harris, 49; *Brewers' Fire Ins. Co.* v. *Benzer,* 10 Hun, 56; *Bostwick* v. *Balt. and O. R. R. Co.,* 45 N. Y., 712; *Johnson* v. *Oppenheim,* 55 id., 293; *Erskine* v. *Adrian,* L. R. [8 Ch. App.], 756; *Morgan* v. *Griffeth,* L. R. [6 Exch.], 70; 8 Stark. Ev., 672, 723; *Remington* v. *Palmer,* 62 N. Y., 33–34: *Joynes* v. *Statham,* 3 Atk., 388.)

DANFORTH, J. Two questions are presented by the appellant: one relates to the amendment of the answer. In allowing it the referee did not exceed the power conferred by the Code of Procedure (§§ 272, 273; Laws of 1876, chap. 431, § 8), and there is nothing in the case which makes his decision the subject of review in this court. (*Holyoke* v. *Adams,* 59 N. Y., 233; *Getty* v. *Spaulding,* 58 N. Y., 636; *Bennett* v. *Lake,* 47 N. Y., 93; *Richtmeyer*

v. *Remsen*, 38 N. Y., 206.) The other grows out of the admission of parol evidence offered by the defendant and by virtue of which he maintained his defense.

The contract on which the action is brought was made and was to be performed in Philadelphia. The parties may therefore be presumed to have entered into it with reference to the law there prevailing, but in the absence of any finding on the subject we must assume that the *lex loci* is the same as the *lex fori* and determine the question before us according to the law of this State. (*Monroe* v. *Douglass*, 5 N. Y., 447.) The general rule requires the rejection of parol evidence when offered to cut down or take away obligations entered into between parties and by them put in writing. And the reason of the rule suggests its application and its limitation. "It would be inconvenient," says Lord COKE (5, 60, 26 *a*) "that matters in writing made by advice and on consideration and which finally import the certain truth of the agreement between the parties, should be controlled by an averment of the parties to be proved by the uncertain testimony of slippery memory." It does not apply therefore where the original contract was verbal and entire and a part only reduced to writing. (*Potter* v. *Hopkins*, 25 Wend., 417; *Batterman* v. *Pierce*, 3 Hill. 171; *Grierson* v. *Mason*, 60 N. Y., 394.) Nor has it any application to collateral undertakings. (*Lindley* v. *Lacey*, 17 C. B., 578, and cases cited below.) And these facts are always open to inquiry and may be proved by parol. (*Filkins* v. *Whyland*, 24 N. Y., 344; Stephens' Dig. of the Law of Evidence, chap. 12, art. 90.)

In *Jeffery* v. *Walton* (1 Stark. Rep., 385) the contract for the hire of a horse was in writing, and it was further agreed by parol that accidents occasioned by his shying should be at the risk of the hirer. The horse shied and in consequence was injured. In a suit for damages it was held that parol evidence of that portion of the agreement which was not in writing was admissible. In *Batterman* v. *Pierce* (3 Hill), 171, the action was upon a note given for wood on

plaintiff's land. The defense was a verbal agreement made at the same time by plaintiff, that if anything happened to the wood through his means or by setting fire to his fallow he would be accountable and would guarantee the purchasers against any damages in consequence of firing his fallow — the fallow was burned and the wood also — the defense prevailed, the court holding that the same result would follow, whether the contract of both parties had been written out, or whether all rested in parol without writing, saying " nor can it make any substantial difference that the undertaking of one party has been reduced to writing while the engagement of the other party remains in parol " — and to the objection that the defense contradicted the note said there was " nothing in it." " The defendants do not deny that they made just such a contract as that on which the plaintiff seeks to recover, but they allege that the plaintiff at the same time entered into an engagement on his part which has subsequently been broken ;" and the same may be said of the parties in the case in hand. The later cases of *Morgan* v. *Griffith* (L. R. [6 Ex.], 70), and *Erskine* v. *Adeane* (L. R. [8 Ch. App.], 756), explain the exception contended for and the principle upon which the ruling of the referee stands. They were considered by this court in *Johnson* v. *Oppenheim* (55 N. Y., 280–293) and there said to be within the rule which allows a collateral agreement made prior to or contemporaneous with a written agreement but not inconsistent with or affecting its terms, to be given in evidence. Other examples to that effect are *Unger* v. *Jacobs* (7 Hun, 220); *Bookstaver* v. *Glenny* (3 T. & C., 248), affirmed in this court. The case before us may be added to the same class, without disturbing the decision of this court in *Wilson* v. *Deen* (74 N. Y., 531), on which the appellants rely. There the plaintiff sought to cancel a lease upon the ground that the defendant failed to perform an oral agreement concerning a matter embraced in and covered by its terms. It was held that his case was directly within the general rule above stated, and the court advert to the fact that it was not claimed

to be within the principle which upholds an oral or parol agreement when collateral to a written instrument contemporaneously executed, and say if it had been so claimed it would have been unavailing as in such a case the only remedy would be an action for damages for the breach of the parol contract.

These distinctions are clearly pointed out in that case and are illustrated in *Angell* v. *Duke* (L. R. [10 Q. B.], 174), and *Mann* v. *Nunn* (43 L. J. [C. P.], 241). In *Angell* v. *Duke* the plaintiff was held entitled to recover damages for the breach by the lessee of an agreement similar to that in *Wilson* v. *Deen* (*supra*), the court holding it to be collateral to the demise and the case analogous to *Morgan* v. *Griffith* (*supra*). So in *Mann* v. *Nunn*, where a lessor promised that if the proposed lessee would take the lease of a house, he would put the house in a state fit for habitation, the promise was held to be collateral to the written lease and provable by parol evidence for the purpose of recovering damages for the breach of it. Whether the matter relied upon to reduce or defeat the plaintiffs' claim is set up by answer as in *Spalding* v. *Vandercook* (2 Wend., 432), and *Batterman* v. *Pierce* (*supra*), and in the case at bar, or is made the subject of a cross-action, as in *Morgan* v. *Griffith; Erskine* v. *Adeane; Angell* v. *Duke* and *Mann* v. *Nunn* (*supra*), can make no difference. The plaintiffs introduced in evidence a written instrument dated July 9, 1868. There is nothing upon its face to show that it was intended to express the whole contract between the parties. The referee finds that it does not contain it, and that the plaintiffs at the same time guaranteed to the defendant that the machines mentioned therein should be so made that they would do the defendant's work satisfactorily or they should not be paid for, and the defendant thereupon signed the writing in consideration of said guaranty. He also finds that the matters in writing and the above guaranty constituted the contract or agreement between the parties. It was within the province of the referee to make the finding above referred to (*Lindley* v. *Lacy*, 17 C. B. [N. S.], 578), and the evidence fully war-

rants it. The written contract related to machines thre-e. after to be manufactured by the plaintiffs, fixed the price at which they were to be furnished, the number, the place and manner of delivery, the time and manner of payment. Nothing else was provided for. These terms are to remain as written. Some of them impose obligations upon the plaintiffs and others on the defendants. The parol agreement was on the part of the plaintiffs. By it they guaranteed "that the machines should be so made that they would do the defendant's work satisfactorily." The writing specified machines described as "First Breaker Feeders," of certain dimensions. How they should work, and whether well or ill is not stated. If it had called for a machine to satisfy a required purpose, of which the plaintiffs had notice and which they had undertaken to supply, they would have been bound as a condition of the contract to supply an article reasonably fit for the purpose, and a warranty would have been implied that it was so. (*Howard* v. *Hoey*, 23 Wend., 351; *Brown* v. *Edgington*, 2 M. & G., 279; *Jones* v. *Bright*, 5 Bing., 533; *Gaylord Manuf. Co.* v. *Allen*, 53 N. Y., 518.)

It is contended however by the appellants that this rule does not apply in this case because a specific and designated machine was the subject of the contract. It may well be doubted whether, in view of the findings of the referee and his refusals to find, the case is brought within the rule laid down in cases on which the appellants rely, but it is not necessary to determine that question, for the guaranty as made does not contravene the written contract, and is not inconsistent with it. If the fitness of the machine is implied the guaranty is in harmony with it and adds nothing; if it is not implied the paper contains no declaration that the machines shall be taken with all faults and insufficiencies, or at the defendant's risk. The parol evidence therefore contradicts no term of the writing nor varies it.

The written contract and the guaranty do not relate to the same subject matter. The contract is limited to a particular machine as such. The guaranty is limited to the

capacity of the machine.   It is one thing to agree to sell or furnish machines of a specific kind, as of such a patent, or of a particular designation, and another thing to undertake that they shall operate in a particular manner or with a certain effect, or, as in this case, that they shall do the buyer's work satisfactorily.   The first would be performed by the delivery of machines answering the description or the specifications of the patent; and whether they did or not conform thereto would be the only inquiry.   As to the other, it in no respect touches the first, nor does it operate as a defeasance, but leaves it valid and to be performed, and the consequences of a breach of the guaranty are a recoupment or abatement of damages in favor of the defendant, and this is so, whether the contracts are in writing or not; for the guaranty is valid although not in writing, and the same rule must apply, for in either case the relation of the guaranty to the contract would be the same.   In *Heyworth* v. *Hutchinson* (L. R. [2 Q. B.], 447), the defendants bought of the plaintiffs a specific quantity of wool, then at sea but expected to arrive; "the wool to be guaranteed about similar to certain samples" referred to.   The defendants refused to receive the wool alleging that it was not similar to the samples, and being sued for non-acceptance set up that fact as a defense.   The court held it invalid, that the contract was for specific goods, and therefore the clause of guarantee was only collateral to the contract, and so the buyer could not reject the wool on the ground that it was not conformable to the sample, but his remedy would be either by a cross action on the guarantee or by giving the infirmity in evidence in reduction of damages.   This case is in point.   It seems plain both upon principle and authority that the plaintiffs' undertaking was collateral to the contract by which they undertook to furnish the machines, and that the referee committed no error in receiving the evidence objected to.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.