By the Court.—Dugro, J.
The plaintiff in the action sues as the assignee of Boehringer & Soehne. The action was brought to recover damages from the defendants for an alleged breach of an agreement in writing whereby the firm of Boehringer & Soehne agreed to sell and deliver to the defendants, and the defendants agreed to purchase and accept from said firm, fifteen thousand ounces of quinine of the manufacture of said Boehringer & Soehne, in one hundred ounce tins at fifty-nine cents per ounce, to be paid for in cash ten days from delivery. Delivery to be from a March, 1887, shipment from the factory of the sellers in Europe, subject to manufacturers’ clauses and war risks.
Pursuant to this contract the quinine was shipped and duly tendered to the defendants, but they refused to accept or pay for the goods, for the reason set forth as a *491 defense in their answer in the action, and which is as follows: “ (Admitting the written agreement alleged in the complaint) The defendants allege that said agreement [that above set forth] was entered into by them under and upon the express representation and warranty made at the same time by the duly authorized agents of said Boehringer & Soehne, and upon the condition that the price at which they were then selling and at which they would continue selling the said sulphate of quinine was sixty-one cents per ounce, and upon the further express warranty and representation and upon the condition that the said Boehringer & Soehne would issue a circular to the trade to that effect; that the said contract was entered into by these defendants upon the faith of such representations and warranties, these defendants trusting in such representations and warranties, and not otherwise, and which fact was well known to said Boehringer & Soehne at the time.
“ III. That said representations and warranty so made by the said Boehringer & Soehne were not true. That their price for said sulphate of quinine at time of the making of said contract was not sixty-one cents per ounce, neither did they issue any circular to the trade to that effect, but, on the contrary, the price at which said Boehringer & Soehne were selling the said sulphate of quinine at the time of the making of said contract with defendants and the price at which they continued to sell the same was far less than said sum, and the defendants by reason of said breach of warranty of said Boehringer & Soehne thereupon refused to accept the said sulphate of quinine from said Boehringer & Soehne.”
The oral evidence was in effect (assuming the authority claimed to have been possessed by St. John) that Boehringer & Soehne stated through the broker, St. John, that as soon as the sale of fifteen thousand ounces was made, they would not sell sulphate of. quinine for less than sixty-one cents per ounce and would issue a circular to the trade to that effect.
*492 The defendants duly excepted to the ruling directing a verdict, and also excepted to the denial of their motion that the case be submitted to the jury for them to pass on all the facts in evidence.
Whether the facts presented would have warranted the defendants in claiming the existence of an oral agreement as collateral to the written one, it is unnecessary' to determine, as no counterclaim is set up; and the facts are so that if the oral agreement alleged be claimed to be collateral it is not available as a defense.
The contract in writing contains a definite agreement of sale, it leaves nothing of a complete, perfect and certain agreement to be supplied. On its face no element is wanting of an entire contract exhausting the final intentions of both parties and in this respect it differs from the writing which appears in the case of Chapin v. Dobson, 78 N. Y. 74. The contract must therefore be conclusively presumed to contain the whole contract as made. The writing covers both sides of an entire contract, was designed to signify its terms, was adequate for that purpose and cannot be varied or added to by parol evidence.
It seems from the testimony of William Reitlinger, one of the defendants, that the making of the contract was the consideration on defendants’ part for the oral agreement, for he says, “ He (the broker) said, If you make this contract the seller will issue a circular of the price that the moment you made this contract the price will be sixty-one cents......And then I said..... I will take it.”
The evidence does not warrant the conclusion that the agreement was executed or made not with the intention of making a present contract, but like an escrow or writing to take effect only on condition of the happening of a future event and so be dependent for its existence upon a condition precedent.
The answer admits that the contract between the parties was in writing, but the defendant claims it was made *493 in reliance upon certain oral representations and inducements made under circumstances similar to those under which the representations and inducements were made by one of the parties in the case of Wilson v. Been, 74 N. Y. 531. The rule as applied and explained in the latter case will serve to show why in the case under consideration oral evidence is incompetent to effect the purpose proposed. That it would be improper in the case under consideration to apply the rule of law deemed pertinent in Chapin v. Dobson [supra) will be clearly perceived by a reading of Eighmie v. Taylor, 98 N. Y 288, and the authorities therein referred to.
I have deemed it unnecessary to consider the point made by the plaintiff that the oral evidence offered would have brought within the statute of frauds and so avoided a writing such as should be deemed in a case like this to express all the terms upon which a contract of sale is made; among other reasons, because it does not appear in the pleadings that the statute is relied upon as a defense. The facts set forth in the answer do not show that the representations and warranty claimed to have been relied on as a condition were not in writing. From the evidence it seems they were not, but this is not sufficient. If the' statute is relied upon as a defense it must be apparent from the pleadings that this is so. The Code of Civil Procedure provides that the answer must, among other things, contain a statement of any new matter constituting a defense in ordinary and concise language. In the pleadings no statement appears that the representation and warranty were by parol, and no facts are stated from which it can be inferred that the statute was intended as a defense. Marston v. Swett, 66 N. Y 206.
The exceptions of defendants are overruled and judgment for plaintiff, upon the verdict, with costs.
Sedgwick, Ch. J., concurred.