CHARLES W. N. AKBERG, Respondent, *v.* THE JOHN KRESS BREWING COMPANY, Appellant.

*Written assignment by a corporation of a chattel mortgage — an oral warranty by its agent that the mortgage was good — such warranty may be proved to sustain an action brought thereon against the corporation.*

The authorized agent of a brewing company sold, and the company assigned, to Charles W. N. Akberg a chattel mortgage upon the property of Carl Nelsson, which the agent stated to Akberg was good, and that if it was not good he would get his money back. The assignment was in writing, and contained no warranty of value.

In an action brought against the company by Akberg, who alleged that the chattels covered by the mortgage were not the property of the mortgagor, it was. *Held* that he was entitled to recover.

That it was proper to show by parol evidence that the agent told Akberg that the mortgage was good, and that if it was not good Akberg would get his money back.

That such an agreement was outside of the written contract of sale, and might be shown by parol.

Appeal by the defendant, the John Kress Brewing Company, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 28th day of December, 1891, upon a verdict for the plaintiff for $648, after a trial at the Kings. Circuit before the court and a jury ; and also from an order of said court, entered in said clerk's office on the 23d day of December, 1891, denying its motion for a new trial.

*George P. Hotaling,* for the appellant.

*J. Edward Swanstrom,* for the respondent.

Barnard, P. J. :

The defendant made a loan of $600 to Carl Nelsson and took from him a chattel mortgage as security. The mortgage conveyed the household interest of the Brooklyn House, at Fort Hamilton, Kings county, and certain articles of personal property upon the premises.. The mortgage was dated 28th of May, 1890, and was due at once. On the 16th of July, 1890, the plaintiff bought the mortgage of the defendant and paid $600 therefor. The purchase was made by plaintiff at the request of Alexander Egar, who was an employee

of the defendant.   Egar represented to plaintiff that the mortgage was perfectly good, and that if it was not good the plaintiff would get his money back.   The mortgage was not good.   The title to the chattels were in a person other than Nelsson, the mortgagor.   The assignment of the mortgage was in writing, and did not contain this representation that the mortgage was good and that the money would be paid back if it was not good.   The proof of the authority of Egar to make the representation was sufficient.   He negotiated the sale of the mortgage for the defendants, and the company received the proceeds of the sale.   He had a written authorization to act for the defendant in the transaction.   The proof sustains the finding of the jury that the representation as to the mortgage and the repayment of the money in case it was not good were made. The plaintiff so testifies, and he is thus supported by Von Bulow.

The warranty of the mortgage to be good was properly received, although the assignment of the mortgage was silent on the subject. The fact that the entire agreement was contained in the assignment is not apparent from the paper itself.   That only purported to transfer a title to a chattel mortgage.   The agreement that the mortgage was upon goods which the mortgagor owned would be assumed.   A parol undertaking that it did so is not to be construed as a part of the contract of sale.   If the sale implied title to the goods contained in the mortgage, no outside agreement was needed. If the sale did not have that effect, an agreement of warranty that the title was good was outside of the agreement of sale merely between the parties.   (*Chapin* v. *Dobson*, 78 N. Y., 83 ; *Briggs* v. *Hilton*, 99 id., 517 ; *Routledge* v. *Worthington Co.*, 119 id., 592.)

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurred ; CULLEN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.