### NAYLOR v. McSWEGAN.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. SALE—WARRANTY—WHAT IS.

It is not necessary to a warranty of chattels that there should be an express agreement of warranty.

2. SAME.

A positive affirmation of quality or condition, as a fact, and not an opinion, accepted and relied upon by the vendee as a warranty, suffices to constitute a warranty.

(Syllabus by the Court.)

Appeal from trial term.

Action by Joseph Naylor against Frank McSwegan. Defendant had judgment, from which, and an order denying a new trial, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

George W. McAdam, for appellant.

Dillaway, Davenport & Leeds, (John S. Davenport, of counsel,) for respondent.

PRYOR, J. The action is upon a warranty in the sale of an elevator engine. In his charge the learned trial judge assumed the fact of the warranty and its terms as expressed in the instrument of sale, and he submitted to the jury the issues of a breach and consequent damages. He did more. On the suggestion of the plaintiff that the scope of the written warranty was subsequently enlarged by parol, he left to the jury the question of a modification of the original agreement, and, if any, whether it was broken, and what were the damages. Upon sufficient evidence the jury found all the issues in favor of the defendant, and we are concluded by the verdict as to the facts in litigation.

The question is whether the record exhibits error available for reversal of the judgment. The appellant asserts an oral warranty prior to the written agreement, and he complains that the court excluded it from consideration by the jury. But, manifestly, the written proposal tendered by the defendant and accepted by the plaintiff contains the terms of a consummate contract, and so merges all previous parley between the parties. Chapin v. Dobson, 78 N. Y. 74, decides only that the rule forbidding parol evidence does not apply "where the original contract was verbal and entire, and a part only was reduced to writing; nor to a collateral undertaking." Here the instrument constitutes the contract of sale, and it embodies the reciprocal stipulations of the parties, including the warranty. In Brigg v. Hilton, 99 N. Y. 517, 3 N. E. Rep. 51, the paper was a mere memorandum, and not the contract itself. Our adjudication in Lamson Consolidated Co. v. Hartung, (Com. Pl. N. Y.) 20 N. Y. Supp. 986, is conclusive of the question in controversy. In relation to the alleged oral warranty subsequent to the written contract, the judge charged that "if it were loose talk, mere representation, without an agreement, it amounts to nothing, and is not a guaranty. * * * In order to make this a proper guaranty, it was not

necessary to have any express form of words, but it was necessary for the plaintiff to prove to your satisfaction that the defendant intended by what he said that this machine was to. work as well as the other. * * * It is incumbent upon the plaintiff to show to your satisfaction that a warranty was agreed to between the parties, and not loose words. * * * If it did not, in your judgment, amount to an agreement, mere representation of what a thing will do. is nothing, but it must amount to what, in your judgment, is an agreement between the parties." Due exceptions by appellant challenge the correctness of the law as thus propounded by the learned trial judge, and we are of the opinion that it is not in accordance with the rule laid down by the court of appeals in Hawkins v. Pemberton, 51 N. Y. 198, namely:

"In order to constitute a warranty upon a sale, it is not necessary that the representation should have been intended by the vendor as a warranty. If the representation is a warranty,—if the representation is clear and positive, not a mere expression of opinion,—and the vendee understands it as a warranty, and, relying upon it, purchases, the vendor cannot escape liability by claiming that he did not intend what his language declared."

To the same effect is Fairbank v. Metzger, 118 N. Y. 260, 23 N. E. Rep. 372. In any event, though the language of the learned judge be not clearly in conflict with the authorities, yet it is still so misleading that we cannot doubt that its effect on the jury was prejudicial to the interests of justice.

Judgment reversed, and new trial ordered; costs to abide the event.