(70 App. Div. 242.)

### THOMPSON v. THOMPSON.

(Supreme Court, Appellate Division, Third Department. March 11, 1902.)

ADMINISTRATORS—SETTLEMENT—DISCHARGE—RELEASE—REMAINING ASSETS.
Where an administrator deducted a certain sum from the assets before distribution as a possible necessary expenditure to pay an income tax on the estate, and struck a balance for distribution from the remainder, and the distributees executed a release and receipt of their full distributive shares and of all moneys due or to become due from the estate, stipulating that the same might be filed in the surrogate court, and a decree entered without further account, judicially settling the administrator's account, and such decree was entered, a distributee could not maintain an action for her share of the sum retained against the administrator individually, but his liability to account was as an administrator only.

Fursman and Kellogg, JJ., dissenting.

Appeal from trial term.

Action by May A. Thompson against J. R. Thompson. From a judgment for plaintiff, defendant appeals. Reversed.

The defendant was the administrator of the estate of John Thompson, deceased. The plaintiff, as one of his next of kin, was entitled, upon distribution, to a one-tenth share thereof. In May, 1893, the parties interested got together, and mutually agreed upon the total sum which was in the defendant's hands as administrator to be distributed. Each of such parties thereupon executed to the defendant a written release under seal, acknowledging the receipt of the full distributive share due to each, respectively, and of all moneys due or to become due from said estate, and in full payment and satisfaction of all claims held against such estate or the administrator thereof, and releasing and discharging him and the estate from any further liability. Such release also contained an agreement that the same might be filed in the surrogate's court, and that upon it a decree might be entered, without citation, and without filing any further account, judicially settling the defendant's accounts as such administrator, and discharging him from all further liability as such. It also contained a covenant to save the said defendant harmless, and to indemnify him from all cost, trouble, and expense on account of the payment therein acknowledged. Such releases were duly acknowledged, and filed with the surrogate, and a decree was thereupon entered declaring his accounts settled, and discharging him from further liability as such administrator. The plaintiff was present at such settlement, and executed one of such releases. Subsequently, in November, 1899, she brought this action to recover from the defendant the further sum of $60, which she claims the defendant on the occasion of the settlement promised to pay to her in the event that no collateral inheritance tax was thereafter assessed against it. The defendant's promise then made was a personal one, and the release then executed by her runs to him as administrator, only, and therefore does not at all affect this claim. The trial court so held, and the jury rendered a verdict in her favor for such amount and interest. From the judgment entered thereon, and from the order denying a new trial upon the minutes, this appeal is taken.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

Davie & Stoddart (Charles L. Andrus, of counsel), for appellant.

Andrew J. McNaught, Jr. (John P. Grant, of counsel), for respondent.

PARKER, P. J. If the balance which at the time of the settlement was found to be due from the defendant as administrator included the $600 which the complaint claims was then "intrusted" by the next of kin to the defendant to meet a possible demand for an inheritance tax against the estate, then it might perhaps be argued that a retention of the same by the defendant, and a release therefor, was equivalent to a receipt by him of their money, advanced by them to protect him personally against such a claim; and his promise to repay the plaintiff $60 thereof as the amount so deposited by her, in the event that he did not have to use the same, might be considered a promise made by the defendant, in his individual character, under an arrangement made subsequent to the transaction to which the release referred. It might then be considered that she had received the $60, and receipted for it, and had thereafter returned it to the defendant for the purpose aforesaid. Such a subsequent arrangement would not be affected by the release. But the fact, as it appears from the evidence introduced in her behalf, is that the defendant deducted the sum of $600 from the assets before the balance for distribution was agreed upon. The share

then agreed to be due her, and upon the payment of which to her she executed the release, was ascertained upon the theory that it did not include any part of the $600. He deducted that as a possible necessary expenditure before he struck the balance for distribution, and so such $600 was no more nor less than assets of the estate left in his hands for subsequent distribution. He retained it solely as administrator, and I am at a loss to understand why he does not still hold it as such. He received it from the estate as part of its assets. According to her claim, as it appears upon the trial, he has never yet distributed it, and therefore his liability to account for and pay it over is that of an administrator only.

From this view of the transaction—and which is the one stated by the respondent in her points—it is manifest that the plaintiff is not entitled to maintain this action. Her claim is squarely in conflict with the release which she then executed. Such release and the surrogate's decree subsequently entered are a flat bar to her recovery here, and on the evidence before it the jury was not warranted in rendering the verdict which it did render. All objections and exceptions necessary to raise this question were taken by the defendant upon the trial. The judgment and order therefore must be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted, with costs to appellant. All concur, except FURSMAN and KELLOGG, JJ., who dissent.

FURSMAN, J. (dissenting). One John Thompson having died intestate, the defendant was duly appointed sole administrator of his goods, chattels, and credits, qualified, and entered upon his duties as such. He was one of the heirs at law and next of kin of the deceased. Something more than a year after such appointment he and the other heirs and next of kin met together for the purpose of settling up and distributing the estate. At that time the defendant kept back from the distribution the sum of $600, upon the claim that it might be required to pay an inheritance tax. This was consented to by the plaintiff and other next of kin upon the express promise of the defendant that, in case the money was not needed for the purpose mentioned, he would pay to each his or her share thereof, being $60, the sum sued for in this action, and thereupon distributed the remainder of the estate. Under this arrangement, and in consideration of this promise, the plaintiff executed and delivered to the defendant a full release and discharge of "all moneys due or to become due" from the estate "or the administrator thereof." This paper contained also an express consent that a decree, without an accounting of the administrator being had, and without citation or notice, might be entered in the surrogate's court settling the estate and discharging the administrator. Like papers were executed and delivered to the defendant by the other next of kin. Thereupon the defendant petitioned the surrogate to be released and discharged as administrator, and without notice or citation a decree was entered finally settling the accounts of the administrator and releasing and discharging him "from all further liability as such administrator." These facts were found by the jury (the verdict having been for the plaintiff) upon sufficient evidence and under proper instructions.

There was no inheritance tax to be paid, and none is possible. What was it the parties intended to accomplish by this settlement? Certainly not any continued liability of the administrator as such, for it was at the same time and as part of the same transaction agreed that the defendant should be discharged from all liability as administrator for this money, and a paper was executed fully releasing and discharging him therefrom. Yet he has in his hands $60 of the plaintiff's money, which he promised to pay over to her in case it was not used for a certain specified purpose. It is true that this was a part of the intestate's estate, but at the time of the settlement it belonged to the plaintiff, and her consent that the defendant retain it and be discharged as administrator notwithstanding was given only upon his promise to pay it over unless required for the specified purpose. This promise was not made by him as administrator, because it was understood that his accounts as administrator were then and there fully settled; that he was to be at once discharged, upon the consent of all parties, by a final decree of the surrogate, from all further duties and obligations of his office, the estate deemed fully distributed, and his official relation thereto ended. This money was therefore no longer a part of the estate, nor in the hands of the defendant as administrator. In what capacity, upon what agreement or understanding, then, does he hold it? Not as administrator, because he is not administrator; nor as part of the estate, because he could rightfully hold that only as administrator. Moreover, it was clearly contemplated and understood by the parties that his accounts as administrator were then and there settled, a final distribution of the estate then made, and all liability as administrator ended. It seems to me clear that his agreement to pay was made and accepted as his personal agreement. Upon no other theory can it be reconciled with the terms of the paper executed by the plaintiff at the same time and as a part of the same transaction, by which she acknowledged the receipt of her full distributive share of the estate, and consented to the discharge of the defendant from his office. If he should be sued as administrator, it would be a sufficient answer that he had been duly discharged from that office, and from all liability as administrator, upon the consent of the plaintiff. The final decree cannot be opened, because there was neither mistake nor fraud in procuring it. He has $60 of the plaintiff's money, which in equity and good conscience he ought to pay to her. The promise to pay the money in case it was not needed for an inheritance tax was an independent agreement, and proof of it did not tend to contradict the writing executed by the plaintiff (Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Dodge v. Zimmer, 110 N. Y. 43, 17 N. E. 399), and his release from all liability as administrator was a sufficient consideration therefor (Andrews v. Brewster, 124 N. Y. 433, 26 N. E. 1024). The defendant repudiates all liability, both personally and as administrator, and, unless he is held personally liable upon his promise, the plaintiff is remediless. For these reasons I think the judgment should be affirmed.

KELLOGG, J., concurs.