(79 App. Div. 453.)

## LAWRENCE v. SULLIVAN et al.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1903.)

1. PAROL EVIDENCE TO EXPLAIN WRITING.

Parol evidence that a mortgage was made on the request of a certain person, for his accommodation, and on his promise to take care of it, is admissible to add to a contract in writing between such person and the mortgagor providing for the delivery of the mortgage to such person on his making "a satisfactory provision of settlement" on account of it.

2. SAME.

An indorsement on a contract in full settlement of all claims under it cannot be deemed to be any broader in its application to the contract than the contract itself, so as to preclude parol testimony, when the contract itself does not do so.

Appeal from trial term, Wyoming county.

Action by Abram B. Lawrence against Maria Sullivan and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, HISCOCK, and NASH, JJ.

E. E. Charles, for appellants.
Irving G. Botsford, for respondent.

NASH, J. In and prior to January, 1895, the defendants entered into negotiations with the plaintiff for the exchange of real properties, in which the defendant William F. Sullivan, for his wife, agreed with the plaintiff to exchange certain real estate of the wife for a farm of the plaintiff, the title to which was in John M. Otto. It was orally agreed that the real estate of Mrs. Sullivan, free of incumbrance, should be conveyed, part to Otto, and the remainder to the plaintiff, and that the farm should be conveyed by Otto to Mrs. Sullivan subject to a $2,400 mortgage, and that the plaintiff should pay to Mrs. Sullivan $1,600 in cash. The real estate which Mrs. Sullivan was to convey being subject, with other of her lands, to a mortgage of $4,000, the consent of the mortgagee to release the lien thereof upon the lands to be conveyed by Mrs. Sullivan, for the sum of $900, was obtained. Pursuant to their oral agreement the parties met and made their conveyances; the two deeds from the defendants to Otto and the plaintiff, and the deed of the farm by Otto to Mrs. Sullivan, were executed and acknowledged; and at the request of the plaintiff Mrs. Sullivan made a mortgage to F. J. Humphrey for $600 upon that part of Mrs. Sullivan's real estate conveyed to Otto; and all of these papers were deposited for safe-keeping in the safe of one

McClure pending the consummation of the contract by the payment of the $1,600 to Mrs. Sullivan. Thereafter, without making such payment, and without the knowledge or consent of the defendants, the plaintiff obtained possession of the papers, and took them to the clerk's office for record, which fact having become known to Sullivan, he objected to the recording of the papers until the agreement should have been fully performed, and the parties severally regained possession of their papers. Things remained in this condition several days, when the plaintiff applied to the defendants to further assist him in raising money to perform his part of the agreement; and upon his request, and for his accommodation, according to the testimony adduced upon the trial, the defendants made a mortgage upon other lands of Mrs. Sullivan, for $600, to Humphrey, which mortgage contained the personal covenant of the defendants to pay the amount secured by the mortgage according to its terms; the plaintiff agreeing with the defendants that he would take care of the mortgage. Pursuant to this last arrangement, the parties met at the office of L. A. Hayward, the last-mentioned mortgage was executed and acknowledged by the defendants, and the parties executed and acknowledged an agreement in writing as follows:

"Memorandum of agreement entered into at Warsaw, N. Y., this 30th day of Jan'y, 1895, between Maria Sullivan and William F. Sullivan, her husband, of Gainesville, N. Y., first party, and Abram B. Lawrence, of Warsaw, N. Y., second party. (1) First party deposits in escrow with L. A. Hayward, of Warsaw, N. Y., the following duly executed and acknowledged instruments in writing, viz.: Mortgage for $600, dated Jan'y 1, 1895, from first party to F. J. Humphrey, on premises conveyed to John M. Otto Jan'y 1, 1895; deed of premises near E. R. R. station, Warsaw, N. Y., from first party to John M. Otto, Jan'y 1, 1895; deed of premises near said E. R. R. station from said first party to said Abram B. Lawrence, dated said Jan'y 1, 1895; mortgage on premises adjoining said premises deeded to said John M. Otto and A. B. Lawrence, for $600, payable to said F. J. Humphrey, and dated Jan'y 1, 1895. All to be delivered by said Hayward to said second party upon the delivery by said second party of a deed from John M. Otto to Maria Sullivan of a certain farm of 119 A., known as the 'Lawrence Farm,' in Wethersfield, N. Y., now owned by John M. Otto; said deed to bear date Jan'y 1, 1895, and subject to an incumbrance of $2,400, and interest thereon, paid to Jan'y 1, 1895, an acknowledgment of release by the Wayne Bldg. Loan & Accumulating Fund Ass'n for payment of $900 by second party to apply upon a certain mortgage of $4,000 owned and held by said Wayne Association upon the aforementioned premises deeded and mortgaged, and a satisfactory provision of settlement by second party with first party for $100, and for $600 on account of the last-mentioned $600 mortgage."

The agreement contained certain other provisions not pertinent to or affecting the issue here, and further provided that:

"All the aforementioned papers and evidence of payment and transfers are to be deposited with said L. A. Hayward in escrow, to be by him delivered to the respective parties to whom the same are intended to go upon the completion of all papers herein specified, and evidence of payment and transfer; and said L. A. Hayward is hereby authorized and empowered by both parties hereto to so deliver all such papers to the respective parties who should possess the same when all conditions hereinbefore mentioned are complied with, without revocation or recourse, subject, however, to the possibility of not being able to obtain said Wayne Association release upon the portion of mortgaged premises aforementioned by April 1, A. D. 1895 [in which case it was further provided that the entire agreement for the exchange of properties

should be annulled]. Possession of premises to be given by and to the respective parties April 1st, 1895.

"Witness our hands and seals, and the delivery in escrow to the said L. A. Hayward, date and place first above written.

> "Maria Sullivan.   [Seal.]
> "William F. Sullivan.   [Seal.]
> "A. B. Lawrence.   [Seal.]"

The agreement was acknowledged by the parties January 31, 1895. On the 26th of April, 1895, Sullivan made an indorsement upon the agreement as follows:

"$32.00. Received for and on account of Mrs. Maria Sullivan, named hereon, and myself, thirty-two dollars, in full settlement of all claims and demands against A. B. Lawrence, party hereto, under this contract.

> "W. F. Sullivan.

"Warsaw, N. Y., April 26, 1895."

On the 8th of March, 1895, the plaintiff procured an assignment to himself of the mortgage to Humphrey secondly described in the agreement, being the one made for his accommodation, and on April 14, 1899, brought this action against the defendants upon their covenant in the mortgage; there not having been any action brought or proceeding taken to foreclose the mortgage.

The defendants at the trial gave evidence, under objection, of the oral negotiations preceding the written agreement, and of plaintiff's request to make the second mortgage to Humphrey, and of his promise to take care of it. The plaintiff introduced in evidence the written agreement. Whereupon the court struck out all of the defendant's evidence of the oral negotiations and agreements which preceded the execution of the contract or memorandum of agreement in writing, and directed a verdict for the plaintiff for the amount of the indebtedness secured by the mortgage, less a small payment of $37.40 acknowledged by the plaintiff to have been made thereon.

The sole question here is whether the writing precluded the defendants from showing that they made the second mortgage to Humphrey upon the promise of the plaintiff, for his accommodation, and upon his agreement to take care of it. The rule which excludes evidence of parol negotiations offered to contradict, vary, or modify the stipulations of a written agreement, or regards prior oral negotiations merged therein, does not apply where, upon the face of the instrument, it does not appear that it embodies the entire oral agreement, or where circumstances would make the use of the written agreement for any purpose inconsistent with the oral agreement dishonest or fraudulent; nor does the rule apply to a collateral undertaking. Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Juilliard v. Chaffee, 92 N. Y. 529; Emmett v. Penoyer, 151 N. Y. 564, 45 N. E. 1041. The making of this second mortgage to Humphrey was a matter entirely outside of the original agreement,—not in any manner involved in the exchange of the properties as originally agreed. The lands of Mrs. Sullivan covered by this mortgage did not enter into the transactions of the parties until the original parol agreement to exchange the real estate of Mrs. Sullivan for the plaintiff's farm had been performed by the execution and acknowledgment of the several conveyances, ready for delivery upon payment by the plain-

tiff of the boot money. The writing is not contradictory of the alleged agreement of the defendants to make the mortgage to Humphrey upon other lands of Mrs. Sullivan for the accommodation of the plaintiff. It provided for the deposit of the papers in escrow, to be delivered to the respective parties upon "the completion of all papers herein specified, and evidence of payment and transfer," and when all the conditions mentioned in writing were complied with. It described two mortgages, of $600 each, to Humphrey, and provided for the delivery thereof, with the other papers, upon the making of, among other things, "a satisfactory provision of settlement by second party with first party for $100, and for $600 on account of the last-mentioned $600 mortgage." The writing was incomplete, in that it did not state what provision of settlement on account of the "last-mentioned $600 mortgage" should be made, although it expressly provided that such a settlement should be made as a condition of its delivery. The writing, therefore, within the case of Chapin v. Dobson, and the cases following it, does not preclude parol evidence of the provisions of settlement that were made on account of that mortgage, and hence it was error to strike out the evidence.

It is urged that the indorsement upon the margin of the writing acknowledging the receipt of $32 "in full settlement of all claims and demands against A. B. Lawrence, party hereto, under this contract," signed by Sullivan, is conclusive evidence that the defendants received full consideration for the mortgage in suit. The case does not show that this indorsement, which has found its way into the printed case, was offered in evidence; nor does it appear that it was considered by the court in disposing of the question raised upon the trial. But the terms of the indorsement upon the writing, of the receipt of $32 in full settlement of all claims and demands under the contract, cannot be deemed to be any broader, in its application to the provisions of the contract, than the terms and conditions of the contract itself. That provided that a satisfactory provision of settlement should be made on account of the $600 mortgage. The most, therefore, which can be claimed for the provisions of the indorsement, is that it acknowledges that such a satisfactory provision of settlement on account of that mortgage has been made.

Judgment reversed, and a new trial granted, with costs to the appellants to abide the event. All concur. ·