### ATWATER et al. v. ORFORD COPPER CO.

(Supreme Court, Appellate Term. December 17, 1903.)

1. CONTRACTS—COMPLETENESS—VARIANCE BY PAROL.

    A contract reading, "I hereby accept your offer of 10,000 to 20,000 tons of copper slags," defining the terms of payment on the basis of the copper as found by assay, and signed by both parties, was complete in itself, and parol evidence was not admissible to show an understanding as to adaptability, in respect to quality, to a required purpose.

2. SAME—ACTIONS—DEFENSES—BREACH OF WARRANTY—HOW AVAILED OF.

    A collateral agreement of warranty is not available in defense to an action on a written contract containing no warranty, but only, at most, by way of counterclaim.

Appeal from City Court of New York, Trial Term.

Action by Silas I. Atwater and others against the Orford Copper Company. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

· Wm. H. Stayton, for appellant.

Rounds & Dillingham, for respondent.

BISCHOFF, J. The plaintiff agreed to supply a certain quantity of copper slags to the defendant the. contract being in the form of a letter addressed by the latter to them, commencing with the words, "I hereby accept your offer of 10,000 to 20,000 tons of copper slags," and proceeding to define the terms ·of payment on the basis of the copper contained in the material as it should be found by assay, the paper being signed by both parties. The defendant attempted to prove that the material was required for a special purpose, and that there was an understanding that, as to quality, it should be fit for that purpose, the defense being that it was not so fit. This evidence was excluded, and the ruling is the main subject of the appeal.

The words, "I hereby accept your offer," as used in this written contract, do not suggest that something not expressed in the writing was embodied by reference, in view of the particularity with which the paper purports to cover every detail of the agreement. The only reasonable construction of the writing is that the words were used as a colloquial form, and parol evidence would not therefore be admissible as in and of completion of the terms of an agreement left apparently incomplete. Brantingham v. Huff, 174 N. Y. 62, 66 N. E. 620; Engelhorn v. Reitlinger, 122 N. Y. 76, 25 N. E. 297, 9 L. R. A. 548.

The defense of a breach of warranty, not depending upon the performance of the written agreement, was not within the issues, so far as the defendant sought to prove an independent collateral agreement of warranty. The written agreement being complete, performance within its terms entitled the plaintiff to a recovery, and an independent agreement of warranty could at best be availed of only by way of counterclaim (Chapin v. Dobson, 78 N. Y. 74, 83, 34 Am. Rep. 512), which was not pleaded in this case.

The plaintiff was entitled to maintain the action for the agreed installment due upon delivery under the contract (Moore v. Taylor, 42 Hun, 45, 56), and whatever question arose as to the fact of a delivery within the contract was submitted to the jury, to the apparently complete satisfaction of both sides.

Judgment and order affirmed, with costs. All concur.