## LOUIS DE JONGE & CO. v. PRINTZ et al.

(Supreme Court, Appellate Term. December 21, 1905.)

1. EVIDENCE—PAROL EVIDENCE—INCOMPLETE INSTRUMENTS—SUPPLEMENT.

A written order for goods, signed by the buyers alone, and merely describing the goods and the price, and not purporting to contain the whole agreement between the parties, may be supplemented by parol evidence.

2. SAME—INDEPENDENT STIPULATIONS.

Although a contract of sale is in writing, yet an independent collateral agreement of warranty, constituting no part of such contract, properly speaking, may be proven by parol.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1887.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Louis De Jonge & Co. against Herman Printz and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Edward D. Newman, for appellants.

James S. Lehmaier, for respondent.

SCOTT, P. J. This action is for the agreed price of an embossing calendar machine sold and delivered to defendants by plaintiff. The action rests upon a written paper, denominated on its face an "order," reading as follows:

"Order———                                              Nov. 29, '04.
    One Krause embossing calendar.
    E. A. I. ·
    23¾ length of roller.
    Steel roller unengraved $475.
    F. o. b. New York set up in factory."

This was signed by the defendants only. Its receipt was acknowledged by plaintiffs, who promised to give it prompt attention. The machine was to be manufactured abroad, and after some months was delivered to defendants and set up in their factory. The answer alleged, by way of defense, that at the time the order for the machine was given the plaintiffs represented, warranted, and guarantied to defendants that the machine contracted for would be capable of doing certain work in a good, workmanlike, sufficient, and satisfactory manner, and that defendants relied upon such warranty and representation in ordering the machine. They further allege that the machine as delivered and set up was not, in all its parts, constructed and set up in a good, substantial, and workmanlike manner, was not in good working order, is wholly defective, will not operate, and will not do the work for which it was constructed and purchased, and that the said machine does not work properly, and by reason of its defective construction the work produced by it is of inferior quality and unmarketable, and the said machine is totally useless.

Upon the trial the defendants offered evidence tending to show the warranty alleged and the breach thereof, all of which was excluded by the justice upon the ground that, if received, it would tend to con-

tradict or vary the terms of the written agreement between the parties. The paper relied upon by plaintiffs is denominated upon its face as an "order," is not signed by plaintiffs, and does not purport to contain the whole agreement between the parties. It has been held in numerous cases that orders similar to this did not purport to express the whole contract, and that parol evidence might be received to supplement it. Chapin v. Dobson, 78 N. Y. 74, 34 Am. Rep. 512; Briggs v. Hilton, 99 N. Y. 517, 3 N. E. 51, 52 Am. Rep. 63. And, even if the memorandum or order might be construed as expressing the whole contract of sale, still it was competent to prove any independent collateral agreement of warranty, constituting no part of the contract of sale, properly speaking. Chapin v. Dobson, supra; Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799. In either aspect of the case it was competent for defendants to show, if they could, a warranty and its breach, and the refusal to permit them to do so constituted error.

Judgment reversed, and new trial granted, with costs to appellants to abide the event. All concur.