HERSCHMANN–TUCKER FURNITURE CO. v. BARTH et al.

(Supreme Court, Appellate Term. June 25, 1909.)

EVIDENCE (§ 443*)—PAROL EVIDENCE.

In an action by a tenant against his landlord to recover for an amount expended for repairs, plaintiff alleged that defendants, in consideration of the plaintiff surrendering a former lease, promised to deliver a new lease of the same premises, and to make certain repairs, and that, at the request of defendants, plaintiff caused said repairs to be made. *Held*, that evidence of what occurred between the parties antecedent to the execution of the new lease was admissible, as the action is not founded on the lease, but on an original contract to give up a former lease and take a new lease in consideration of repairs to be made.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2048–2051; Dec. Dig. § 443.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

---

Action by the Herschmann-Tucker Furniture Company against Alfred Barth and Charles J. Hardy, individually and as trustees under the last will and testament of Augustus Barth, deceased. Judgment for plaintiff, and defendant Barth appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

J. M. Shellabarger, for appellant.
Samuel Sturtz, for respondent.

MacLEAN, J. The plaintiff, in its amended complaint, declared that the defendants, in consideration of the plaintiff surrendering and canceling a lease of certain premises, would execute and deliver to the plaintiff a new lease of the same premises, and promised and agreed, in consideration therefor, that they would cause certain alterations and repairs to be made and paid for by them, irrespective of cost, and that pursuant to said agreement and at the request of the defendants the plaintiff caused said repairs to be made for the reasonable sum, etc. The defendant appellant denies this, and contends that the provisions of the new lease, subsequently executed and exchanged by the parties, relative to alterations and repairs are controlling; "that a written contract merges all prior and contemporaneous negotiations and oral promises in reference to the same subject; and that, when the terms of a lease are in writing, the rights and duties of the parties depend upon the terms or legal intendment of the lease itself, or, as otherwise expressed, that it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, are embraced in the writing" (Wilson v. Deen, 74 N. Y. 531, 534)—a rule of law that has been iterated and reiterated by our court of last resort (Thomas v. Scutt, 127 N. Y. 133, 27 N. E. 961; House v. Walch, 144 N. Y. 418, 39 N. E. 327; Murdock v. Gould, 193 N. Y. 369, 86 N. E. 12; Lossing v. Cushman, 88 N. E. 649, decided by the Court of Appeals June 1, 1909, and reported in the Law Journal of June 8th), and applicable herein, were this action founded upon the contract of lease; but it does not apply where the original contract, though entire, was oral, but in part reduced to writing, and so "to be proved by the uncertain testimony of slippery memory" (Chapin v. Dobson, 78 N. Y. 74, 79, 34 Am. Rep. 512).

The evidence discloses that the defendant appellant executed and delivered a lease of the premises to the plaintiff in the latter part of the year 1904, for a term of five years, to commence May 1, 1905, and that the plaintiff paid the rent for the first month; and, according to the testimony adduced by the plaintiff, the defendant, discovering that he could not give possession, went to the plaintiff and said:

"I have given you a lease which I cannot deliver to you. I find that it is a year hence, but not during the time as specified in that lease. Will you do something to relieve me? These people next door want $5,000 to get out. * * * I will give you the benefit of whatever I can, if you will release me. * * * I will draw up a new lease, and I will make any alterations."

This was the contract between the parties, and the entire contract —the promise by the plaintiff to surrender its rights under the lease

of 1905 in consideration of the promise of the defendant to make a new lease to commence May 1, 1906, and to make the alterations the subject of the present claim, of which the making of the lease for 1906 was only a part. Therefore it was not erroneous to admit the evidence, oral or written, of what occurred between the parties antecedent to the execution and exchange of the new lease for 1906; and as the trial justice has found, so let the judgment stand.

Judgment affirmed, with costs. All concur.