sum of $100, being the agreed price of a dress suit and a tuxedo coat, made for and delivered to the defendant. The agreed price, the mak-ing, and delivery to the defendant was proven by the testimony of the plaintiff's manager, who testified to being present when the defendant was measured for the garments, heard the price therefor fixed at $100, and who subsequently delivered the garments to the defendant. The plaintiff was also sworn, but his memory as to some conversation as to which he was interrogated seems to have been faulty. It also ap-peared that for some reason not shown the garments were in the plain-tiff's possession at the time of the trial. Neither of these last-named circumstances, however, authorized a dismissal of the complaint. The plaintiff, by the testimony of his manager, made out a complete cause of action, and the defendant should have been put to his defense.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

### BLAISDELL MACH. CO. v. BRASHER BREAKWATER CO.

(Supreme Court, Appellate Term. January 5, 1911.)

**1. PLEADING (§ 129*)—ACTIONS FOR PRICE—ALLEGATIONS OF COMPLAINT—PER-FORMANCE.**

In an action for the purchase price of machinery, an allegation of the complaint that the machinery was delivered pursuant to the agreement, a copy of which was annexed to the complaint, and which specified the capacity of the machines, did not allege performance of the guaranty as to the capacity of the machines, so that such performance was not ad-mitted by failure to deny the allegations of the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

**2. SALES (§ 65*)—BREACH OF WARRANTY—PURCHASER'S REMEDY.**

Where the contract consisted of an agreement for the sale and delivery of a particular machine and of a guaranty as to its capacity, the warranty was a collateral agreement, so that a breach thereof would not affect the seller's right to sue on the contract for the delivery of the machines; the buyer's remedy being for a breach of the guaranty by way of recoupment or counterclaim.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 180; Dec. Dig. § 65.*]

Appeal from City Court of New York, Trial Term.

Action by the Blaisdell Machinery Company against the Brasher Breakwater Company. From a judgment for plaintiff, and an inter-mediate order directing such judgment, defendant appeals. Judgment reversed, order reversed, and motion for judgment denied.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

John R. Halsey, for appellant.
William J. Dodge, for respondent.

GEIGERICH, J. The defendant appeals from a judgment entered in favor of the plaintiff for the relief demanded in the complaint and dismissing the counterclaim.

The complaint alleges that the defendant entered into an agreement in writing with the plaintiff, wherein the plaintiff agreed to furnish

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and deliver f. o. b. cars at Bradford, Pa., a machine known as an "oiling compressor," according to the specifications set forth in the agreement, a copy of which is annexed to the complaint and made a part thereof. The agreement, expressed in the form of a proposal, gives quite elaborate specifications, covering several pages, as to the construction of the machine, including the principal dimensions of the machine and the material of many of its parts, and many other details. It also, under the caption "Service for Which Compressor is Proposed," contains the following:

"Displacement, 3,117 cubic feet per minute. Speed, ...... Piston speed, 150 revolutions per minute. Air pressure, 15. Indicated horse power, 156."

· The acceptance by the defendant is indorsed on this proposal. The complaint further alleges that:

"Pursuant to said agreement the plaintiff duly delivered said compressor f. o. b. cars Bradford, state of Pennsylvania, and that thereafter, and more than 30 days ago, the defendant duly received the said compressor."

It further appears in the complaint that the defendant, according to the terms of the contract, has paid $960 on account of the total purchase price of $1,600, 10 per cent. thereof being payable under the terms of the contract a few days after the same was signed, and 50 per cent. payable against the bill of lading.

The answer contains neither general nor specific denials; but for a defense, and by way of counterclaim, it alleges that the plaintiff warranted and represented that the compressor was sufficient for and capable of producing a displacement of 3,117 cubic feet of air per minute at a pressure of 15 pounds, with 150 revolutions per minute on an indicated horse power of 156, and that the defendant, relying upon such warranties and representations, entered into the contract, and paid on account $960 before delivery, and received the machine when complete, and set it up, but found its capacity was not such as the plaintiff had warranted. It further alleges that none of the deficiencies were discovered or discoverable by the defendant until after the compressor had been installed and an attempt made to operate it, and that the defendant thereupon promptly called such deficiencies to the attention of the plaintiff, but that the plaintiff failed to correct any of them, and that the deficiencies made the compressor unusable in its condition as delivered by the plaintiff, and that in order to make it usable the defendant was compelled to purchase and add to its various parts and equipment at an expense of $564.62, and that the compressor as delivered by the plaintiff was worth $1,564.62 less than it would have been if it had had the capacity as represented and warranted by the plaintiff, and that by reason of such breach of warranty the defendant had been damaged in the sum of $1,564.62, $640 of which it asks to set off against the plaintiff's demand, and for the balance asks judgment.

The language of the Court of Appeals in Chapin v. Dobson, 78 N. Y. 74, at pages 82 and 83, 34 Am. Rep. 512, seems directly in point, where it was said:

"The written contract and the guaranty do not relate to the same subject-matter. The contract is limited to a particular machine as such. The guar-

anty is limited to the capacity of the machine. It is one thing to agree to, sell or furnish machines of a specific kind, as of such a patent, or of a particular designation, and another thing to undertake that they shall operate in a particular manner or with certain effect, or, as in this case, that they shall do the buyer's work satisfactorily. The first would be performed, by the delivery of machines answering the description or the specifications of the patent; and whether they did, or not, conform thereto would be the only inquiry. As to the other, it in no respect touches the first, nor does it operate as a defeasance, but leaves it valid and to be performed, and the consequences of a breach of the guaranty are a recoupment or abatement of damages in favor of the defendant; and this is so, whether the contracts are in writing or not, for the guaranty is valid, although not in writing, and the same rule must apply, for in either case the relation of the guaranty to the contract would be the same."

The learned court below, in the opinion delivered, expressed the view that, by failing to make a general or specific denial of any of the material allegations of the complaint, which incorporated the contract, the defendant admitted the contract, and its due performance, and that the counterclaim for an alleged breach of warranty contained in the contract was inconsistent with the admission of performance. It should be observed, however, that the complaint does not allege performance of the contract by the plaintiff, but only alleges that:

"Pursuant to said agreement the plaintiff duly delivered said compressor f. o. b. cars Bradford, state of Pennsylvania, and that thereafter, and more than 30 days ago, the defendant duly received the said compressor."

There is here simply an allegation that the "said compressor" was delivered, but no allegation that it would perform the work as guaranteed. Under the decisions it is plain that the agreement between the parties in this case consisted of two things: One, a contract for a particular machine as such; and the other, a guaranty as to the capacity of that machine. In such a case the warranty is held to be a collateral agreement that survives acceptance, and a breach of the guaranty does not affect the contract for the specific thing, but leaves that valid and enforceable against the purchaser, who, as in this case, must seek his remedy for the breach of the guaranty by way of recoupment or counterclaim, or by way of abatement of the damages in favor of the defendant.

In Heyworth v. Hutchinson, L. R. 2 Q. B. 447, cited in Chapin v. Dobson, supra, the defendants bought of the plaintiff a specific quantity of wool then at sea, but expected to arrive—"the wool to be guaranteed about similar to certain samples" referred to. The court held that, as the contract was for specific goods, the clause of guaranty was only collateral to the contract, and that the buyer could not reject the wool on the ground that it was not conformable to the sample, but that his remedy would be either by a cross-action on the guaranty or by giving the infirmity in evidence in reduction of damages, which is precisely what the defendant has attempted to do in this case.

The judgment is sought to be supported by Smith v. Coe, 170 N. Y. 162, 63 N. E. 57; but that decision, when properly read, is adverse to the respondent's case. There the court held that the facts did not show that it was a sale of goods by sample, and that there was no warranty which survived acceptance of the goods. That the court fully

recognized the rule applied in Chapin v. Dobson, supra, is evidenced
from the observation made at page 170 of 170 N. Y., and page 60 of
63 N. E., namely:

"But a warranty, as distinguished from mere nonperformance, will general-
ly survive delivery and acceptance, and may be invoked by the buyer as a
general or partial defense in any action to recover the price of the goods."

The judgment should be reversed, with costs to the appellant in this
court and in the court below, and the order reversed, and the motion
for judgment denied, with $10 costs to the appellant.   All concur.