(72 App. Div. 246.)

## BLOCK et al. v. STEVENS.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. PURCHASE NOTES—REFUSAL TO DELIVER GOODS—FAILURE OF CONSIDERATION.

It is a sufficient defense to an action by the original payee on notes given in payment of whisky, to be delivered by plaintiff, that the consideration has failed through the neglect and refusal of plaintiff to deliver the whisky.

2. SAME—SALE—FAILURE TO DELIVER GOODS—ISSUES.

Where the evidence, in an action on a note given for goods to be delivered by the payee, is not sufficient to show, as a matter of law, that delivery of the goods was refused, unless defendants gave a bond which could not properly be exacted, and such issue was not submitted to the jury, a judgment for defendant will not be sustained on the ground of such failure to deliver.

**8. EVIDENCE—WRITTEN CONTRACT—PAROL EVIDENCE TO VARY.**

In an action on a note specifically fixing a date of payment, evidence of an oral agreement, made at the time of its execution, that it should not be paid till the delivery of goods for which it was given, is inadmissible, as varying a written contract.[1]

Appeal from trial term, Rensselaer county.

Action on note by J. Block and another against William H. Stevens. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

The plaintiffs were whisky dealers at Louisville, Ky. The defendant is a retail liquor dealer in the city of Troy. Upon the 25th day of October, 1900, the defendant made three promissory notes, each in the sum of $48.31, and payable to the plaintiffs in two, three, and five months after date, for value received. These notes were given in consideration of the sale of five barrels of whisky, which were in bond, and upon the delivery of the notes plaintiffs gave to the defendant what is called a "certificate," which is in fact a contract, whereby, upon the delivery of the certificate at any time, the plaintiffs should send the whisky, or so much thereof as was demanded, together with a draft for the government tax thereupon, which plaintiffs were first to pay. That certificate was shortly thereafter sent to the plaintiffs, and a barrel of whisky demanded. This barrel of whisky was delivered, and therewith a draft upon the defendant was sent for the tax, which the plaintiffs had paid upon the whisky. This draft was paid by the defendant. No other whisky was sent or demanded. Further facts appear in the opinion.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Warren McConihe, for appellants.

Thomas F. Powers (Benjamin E. De Grott, of counsel), for respondent.

SMITH, J. In plaintiffs' complaint the three notes made by the defendant are set out. The plaintiffs' ownership is alleged, and defendant's default, and judgment demanded for the amount due thereupon. The answer of the defendant admits the making and delivery of the notes, and alleges a failure of consideration, by reason of plaintiffs' neglect and refusal to deliver to the defendant the whisky for which the notes were given. Plaintiffs' first claim upon this appeal is that the answer is inadequate, and that the court should have granted their motion for judgment upon the pleadings. This claim, however, is clearly without merit. The answer properly admitted the making and delivery of the notes, and alleged a failure of consideration, which, if found, would have been a complete defense thereto. If at any time the defendant had made due demand for the balance of the whisky, in accordance with the terms of the contract, and that demand had been refused, the verdict would have been right, as the defendant might properly plead in his defense this refusal to comply with the contract as a partial failure of consideration for the making of the notes.

The defendant claims to have shown that this certificate was lost by the plaintiffs, and that further delivery of whisky was declined, except upon the giving of a bond, which could not be lawfully exacted of them. Upon the evidence, however, this could not be held, as

1 See Evidence, vol. 20, Cent. Dig. §§ 1804, 1943.

matter of law, and no such issue was presented to the jury. But whatever may be the rights of the defendant upon a lost certificate, the plaintiffs have, we think, a valid exception to the charge of the learned court. The defendant proved, against the plaintiffs' objection, that at the time the notes were given there was a verbal agreement that the notes should be paid when the whisky was delivered. Whether or not such agreement was made seems to have been the only question submitted to the jury, and the learned court charged the jury that, if such an agreement did exist, their verdict must be for the defendant; otherwise their verdict should be for the plaintiffs for the full amount. But no such issue was presented by the answer. Moreover, evidence of such an oral agreement would be clearly inadmissible, both under the pleadings and as varying the terms of a written instrument. The notes provide for a specific date of payment, and that provision could not be varied by an oral understanding at the time that payment should only be required when the whisky was delivered. For this error we think the judgment should be reversed, and a new trial ordered.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.