ARBA R. FINKLE, Respondent, *v.* NANNING V. LASHER, Appellant.

Third Department, May 2, 1917.

**Principal and agent — sale of milker outfit — adoption and confirmation of statements made by agent.**

A person who accepts the benefit of a contract cannot be heard upon the trial of an action brought to charge the other party thereto with liability thereunder to question the authority of the agent who made the contract in his behalf.

Hence, where in an action to recover the balance claimed to be due on account of the sale and delivery by the plaintiff to the defendant of a milker outfit, it appears that when the plaintiff first called upon the defendant in respect to the sale, he brought a salesman for the manufacturer, and stated to the defendant that he had brought him there to talk " machine " to him, and that all of the representations and statements were thereafter made by said salesman, the plaintiff, by asserting his claim, adopted and confirmed all that the salesman said and did in inducing the sale.

APPEAL by the defendant, Nanning V. Lasher, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Montgomery on the 2d day of October, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 7th day of December, 1916, denying defendant's motion for a new trial made upon the minutes.

*George M. Albot,* for the appellant.

*Gilbert R. Hughes,* for the respondent.

SEWELL, J.:

This action was brought to recover $270.44, the balance claimed to be due by the plaintiff, on account of the sale and delivery by the plaintiff to the defendant of a Sharples Milker Outfit.

The answer admits " That on or about the 5th day of December, 1914, the defendant purchased from the plaintiff, and the plaintiff delivered to the defendant the Sharples Milker Outfit, described in the complaint herein," and that the agreed purchase price was $370.44, of which the defendant paid the plaintiff $100 at the time of the sale. The answer alleges, by way of counterclaim, a warranty by the plaintiff that the outfit had sufficient power to do the work for which it was designed, and that it would successfully milk the defendant's cows and not make sore or injure the teats or udders of the cows milked therewith; that the defendant relied upon said representations and warranty and was thereby induced to purchase the outfit. Then follows an allegation of a breach of the warranty and that by reason thereof the defendant sustained damages in the sum of $2,000. It will be observed that the parties by their pleadings have determined that the relation of buyer and seller existed between them.

It was not disputed that when the plaintiff first called upon the defendant, in respect of a sale of the outfit, he brought Charles T. Hughes with him and then said to the defendant that he had " brought Mr. Hughes there to talk milking machine to " him. It appears that Hughes was at that time a salesman for the Sharples Separator Company, which manufactured the outfit, and that all of the alleged

representations and statements were thereafter made by Hughes in negotiating with the defendant for the sale of the outfit.

The defendant proved these statements and representations. and then offered evidence tending to show a breach of the warranty and the damages that had resulted therefrom. This evidence was objected to by the plaintiff and excluded. When the defendant rested, the plaintiff moved for a direction of a verdict on the ground, among others, that no warranty was made by the plaintiff, and if any warranty was made it was the warranty of the Sharples Separator Company. Before it was directed the defendant's counsel asked to go to the jury upon the question of the plaintiff's warranty and all the questions raised by the pleadings and under the evidence offered. The request was refused and the court thereupon directed a verdict for the plaintiff for the full amount claimed.

The only question which it is necessary to discuss is whether, as between the plaintiff and the defendant, Hughes was the agent of the plaintiff in respect of the sale.

It would be a strange rule of law which would permit the plaintiff, after availing himself of the representations of Hughes respecting the character, quality and efficiency of the outfit to make a sale by which he was benefited to the extent of the profit, to repudiate them so far as they imposed any burden or obligation upon him. There is no doubt that a person who accepts the benefit of a contract cannot be heard upon the trial of an action brought to charge the other party thereto with liability thereunder, to question the authority of the agent who made the contract in his behalf. If Hughes was not and did not in fact act as the agent of the plaintiff, the latter has no claim upon the defendant, for there was no other relation existing between them upon which the plaintiff could predicate any claim upon the defendant for the purchase price of the outfit. The plaintiff by asserting his claim to the amount to be paid for it, adopted and confirmed all that Hughes said and did in inducing the sale. The plaintiff could not adopt a part of his acts done or statements made without adopting all. It is clear that the court was not justified in holding, as a matter of law, that

Hughes did not represent the plaintiff, or that the defendant was not justified in believing that he had actual authority to act and speak for the plaintiff.

It follows that the judgment must be reversed and a new trial granted, with costs to abide the event.

All concurred.

COCHRANE, J. (concurring):

I concur in the result because Hughes expressly warranted the outfit in the presence of the plaintiff when the latter was negotiating the sale thereof with the defendant. The plaintiff must, therefore, be deemed to have adopted and ratified what Hughes said in his presence. The written contract of sale subsequently made between the parties stated that it was subject to the guarant printed on the reverse side thereof. Such guaranty related to a different matter and apparently did not include the matter which was the subject of the express warranty of Hughes, and which the defendant alleged in his answer and was seeking to establish at the trial. The rule therefore excluding prior oral negotiations may not be invoked by the plaintiff. That rule has no application to a collateral undertaking such as an express warranty where the prior oral negotiations do not supplement or contradict what has been expressed in writing but relates to something in respect to which the written contract is silent. (*Chapin* v. *Dobson,* 78 N. Y. 74; *Vaughn Machine Co.* v. *Lighthouse,* 64 App. Div. 138, 143; *Van Publishing Co.* v. *Westinghouse, Church, Kerr & Co.* 72 id. 121, 126.)

Judgment and order reversed and new trial granted, with costs to appellant to abide event.