WILLIAM T. TIMMONS, Respondent, *v.* BOURGES SERVICE, INC., and ALBERT R. BOURGES, Appellants.

First Department, June 1, 1923.

Bills and notes — action on promissory note signed by corporation and individual — motion to strike out answers as frivolous — defense by corporation of want of consideration and that it did not sign note presents issue for jury — defense by individual defendant tending to vary terms of note by parol evidence is frivolous.

In an action on a promissory note signed by a corporation and an individual, a defense by the corporation that it did not sign the note and that it received no consideration therefor presents an issue which can be tried only by a jury and it should not be stricken out as frivolous.

But the answer by the individual defendant which admits his signature to the note and receipt of the money for which it was given and alleges a parol agreement which, if proven, would tend to vary the terms of the note should be stricken out as frivolous.

APPEAL by the defendants, Bourges Service, Inc., and another, from an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 9th day of January, 1923, granting plaintiff's motion to strike out the answer of each of the defendants as frivolous and for judgment in his favor.

*Goetz & Jacoby* [*Isador Goetz* of counsel], for the appellants.

*Rudolph Loreck,* for the respondent.

SMITH, J.:

In a memorandum made by the Special Term judge he held the motion to be made under rule 104 of the Rules of Civil Practice.

The complaint is upon a promissory note in form as follows:

" $8,172.75

" NEW YORK, *May 1st,* 1922.

" Six months after date I promise to pay to the order of W. T. Timmons Eight thousand one hundred seventy-two & 75/100 Dollars at Irving National Bank, Woolworth Building.

"BOURGES SERVICE, INC.

" Value received                     ALBERT R. BOURGES.

" No.......Due Nov. 1st, '22."

The corporation defendant and the defendant Albert R. Bourges answer separately. In the answer of the defendant corporation the execution of the note by the corporation is denied, as well as the consideration therefor, and it is further alleged that the note was given to pay a note theretofore given by the individual defendant. This motion is based purely upon the several pleadings, no affidavits being attached to establish that the defenses alleged are sham.

The defenses, as presented in the answer of the corporation defendant, of want of consideration and of the fact that the corporation did not sign the note, present an issue which can be tried only by a jury. The order, therefore, as far as it strikes out the answer of the defendant corporation, should be reversed, and the motion denied.

As to the answer of the individual defendant, another question is presented. He admits his signature to the note. He admits the note was given to secure moneys advanced by the plaintiff to assist him in his business. There is no allegation as to what that business was, or that that business was the business of the corporation, with which he is sued. This individual defendant alleges, however, that the note was delivered upon the agreement that it should be renewed when due and should be paid only out of profits of the business; and that the profits of the business were insufficient to pay the same. He further alleges that the

note was given simply as a memorandum of the indebtedness and not as a promissory note.

It seems quite clear that proof of the matters alleged in this answer would go to vary the terms of the written contract expressed in the note itself, and would not be admissible in evidence, and such allegations are frivolous. Plaintiff is, therefore, entitled to judgment against the individual defendant.

The order should be modified in accordance with this memorandum, and as modified affirmed.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order modified as stated in opinion and as modified affirmed, without costs. Settle order on notice.