JACOB RUPPERT, Appellant, *v.* HENRY U. SINGHI, Respondent.

**Bills, notes and checks — contract — sale — evidence — demand note given as consideration for sale of liquor tax certificate — parol evidence of breach of contemporaneous oral agreement improper in action to recover on note — breach of condition subsequent not a defense — proof of bad bargain does not establish failure of consideration.**

1. On trial of an action to recover upon a promissory note, payable on demand, given as the purchase price of a liquor tax certificate sold and transferred by plaintiff to the defendant, it is error to receive parol evidence of an alleged contemporaneous promise by plaintiff, that if defendant procured a satisfactory tenant plaintiff would accept the tenant's note and discharge defendant from further liability and that though such a tenant was procured and the certificate transferred to him, plaintiff refused to accept the tenant as its debtor and discharge the note. The writing was the contractual act. The delivery was not conditional but was complete and effective and the refusal of the plaintiff to abide by the contemporaneous oral agreement was the breach of a condition subsequent which could not be established as a defense. (*Bookstaver* v. *Jayne*, 60 N. Y. 146; *Routledge* v. *Worthington Co.*, 119 N. Y. 592; *Chapin* v. *Dobson*, 78 N. Y. 74; *Baird* v. *Baird*, 145 N. Y. 659; *Smith* v. *Dotterweich*, 200 N. Y. 299, distinguished.)

2. Nor is failure of consideration shown. The certificate was transferred to defendant for the agreed value. It ran only to the end of the year. He received what he bargained for and proof of a bad bargain does not establish failure of consideration.

*Ruppert* v. *Singhi*, 216 App. Div. 737, reversed.

(Argued June 7, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1926, affirming a judgment in favor of defendant entered upon a verdict.

*Ashbel P. Fitch* for appellant.   The trial judge erred in admitting evidence as to an oral agreement alleged by the defendant to have been entered into between the defendant and the plaintiff prior to or contemporaneous with the execution and delivery of the promissory note in suit.   (*Thomas* v. *Scutt,* 127 N. Y. 133; *Newburger* v. *American Surety Co.,* 242 N. Y. 134; *Jamestown Business College* v. *Allen,* 172 N. Y. 291; *Read* v. *Bank of Attica,* 124 N. Y. 671; *Smith* v. *Dotterweich,* 200 N. Y. 299; *Stowell* v. *Greenwich Insurance Co.,* 163 N. Y. 298; *Grannis* v. *Stevens,* 216 N. Y. 583; *Zinsser* v. *Columbia Cab Co.,* 66 App. Div. 514; *Driscoll* v. *Colby,* 161 App. Div. 922; *Gray* v. *Meyer,* 88 App. Div. 359; *Mead* v. *Dunlevie,* 174 N. Y. 108; *McGarrigle* v. *McCosker,* 83 App. Div. 184; *Munch Brewery* v. *DeMatteis,* 128 App. Div. 830; *Kelly* v. *Ruppert,* 173 App. Div. 116; Wigmore on Evidence, § 2444.)

*Raymond D. O'Connell* and *Frank R. Greene* for respondent.   Proof of the oral agreement was admissible to show the whole transaction and the real consideration for the note in suit, especially in connection with the other proof that it was fully performed by defendant and that this performance was accepted as such by the plaintiff. (*Chapin* v. *Dobson,* 78 N. Y. 74; *Juilliard* v. *Chaffee,* 92 N. Y. 529; *Routledge* v. *Worthington,* 119 N. Y. 592; *Bookstaver* v. *Jayne,* 60 N. Y. 146; *Baird* v. *Baird,* 145 N. Y. 659; *Lawrence* v. *Sullivan,* 79 App. Div. 453; *Studwell* v. *Bush,* 126 App. Div. 818; *Ruppert* v. *Singhi,* 212 App. Div. 630; Joyce, Defenses to Commercial Paper [2d ed.], § 512; *Buchanan* v. *Adams,* 10 Atl. Rep. 662; *Storz* v. *Kinzler,* 73 App. Div. 372; *Ozark Cooperage &*

*L. Co.* v. *Kimont,* 171 App. Div. 48; *Van Valkenburg* v. *Stupplebeen,* 49 Barb. 99; *Coffin* v. *Grand Rapids H. Co.,* 46 N. Y. S. R. 851.)

POUND, J. Prior to the adoption of the Eighteenth Amendment to the Constitution of the United States the number of liquor tax certificates in each borough of the city of New York was limited. When the quota was exhausted, it was necessary for one who would open a saloon to go to the holder of a certificate and make terms with him for the assignment of an existing certificate to the new place of business. Such certificates had a so-called bonus value. Defendant had a building in The Bronx. Plaintiff was a brewing corporation which had a liquor tax certificate for sale for the year ending September 30, 1915. Defendant desiring to use or lease a portion of the building for saloon purposes bought the certificate from plaintiff for $3,400 and gave his promissory note therefor, dated May 24, 1915, and payable on demand. The certificate was transferred to his property and in his name and was renewed for the year ending September 30, 1916. He ran the saloon until he found a man named Kirch for a tenant who ran the business under the certificate issued to defendant until the end of the year. Kirch had applied for a liquor tax certificate for the premises in his own name which was issued to him for the following year. Under this certificate Kirch might sell the right to do business at the place in question or transfer the certificate to another place. Defendant was thereby deprived of control of the certificate but was left liable on the note. Kirch as holder of the certificate was vested by law with substantially the same rights that defendant acquired under the certificate transferred to him by the plaintiff for which he gave the $3,400 note in suit. The liquor tax certificate and its renewals were assigned to plaintiff by defendant as security for the note. The jury has found that plaintiff participated in obtaining a

certificate for Kirch without defendant's knowledge or consent. Kirch assumed and agreed to pay to plaintiff the defendant's note but the note was not paid.

Action was begun thereon. Defendant set up as a defense that it was given in consideration of the transfer to defendant of a liquor tax certificate; that plaintiff agreed that immediately upon the procuring of a tenant satisfactory to plaintiff by defendant, plaintiff would take the tenant's obligation in place of the defendant's note and discharge defendant from further liability thereon; that plaintiff refused to accept the tenant as its debtor and discharge the note. A further defense alleged that plaintiff retained the power to transfer the certificate to a person of defendant's choosing and without notice to him transferred the certificate to Kirch, whereby the consideration for the note failed.

Parol evidence was received on the trial, over objection and exception, of the plaintiff's contemporaneous promise to take the tenant's note if defendant got a satisfactory tenant for the premises and thereupon to return defendant's note to him; of defendant's act in procuring a tenant and of plaintiff's refusal to accept the tenant and discharge the note. This was error. The parol evidence rule as applicable to the integration of contracts is said by Wigmore (5 Evidence [2d ed.], § 2400) to be a rule of substantive law. " The writing is the contractual act of which that which is extrinsic forms no part." While it is subject to many exceptions (*Newburger* v. *American Surety Co.*, 242 N. Y. 134, 142), and it has been said that "it has full application within very narrow limits" (*Juilliard* v. *Chaffee*, 92 N. Y. 529, 534), and that the exceptions have been so loosely applied as to threaten the integrity of the rule itself (*Stowell* v. *Greenwich Ins. Co.*, 163 N. Y. 298, 305), this case comes under the general rule and does not fall within any exception to the rule. The note was delivered absolutely; the consideration was the transfer of the liquor tax certificate

of defendant's premises and in his name; defendant and his tenant did business thereunder and under a renewal thereof. The delivery was not conditional but was complete and effective. The refusal of the plaintiff to abide by the contemporaneous oral agreement as to the discharge of defendant's liability was the breach of a condition subsequent which could not be established as a defense. (*Thomas* v. *Scutt,* 127 N. Y. 133; *Stowell* v. *Greenwich Ins. Co., supra; Read* v. *Bank of Attica,* 124 N. Y. 671; *Jamestown Business College Assn.* v. *Allen,* 172 N. Y. 291.)

*Bookstaver* v. *Jayne* (60 N. Y. 146), cited as an authority for defendant, was a case of want of consideration at the inception of the note. Plaintiffs broke their present promise to be performed contemporaneously with the giving of the note. In *Juilliard* v. *Chaffee (supra)* it is stated somewhat broadly that it is competent to show that the design or object of a written instrument is different from what its language, if alone considered, would indicate. But the note there in question did not constitute the agreement of the parties nor was it the foundation of the action. *Routledge* v. *Worthington Co.* (119 N. Y. 592) and *Chapin* v. *Dobson* (78 N. Y. 74) state the familiar rule that if the writing does not contain on its face the entire agreement between the parties, parol, not inconsistent with its terms may be received, not to contradict it but to show the real contract. But this rule does not apply when it appears from inspection of the instrument that it was intended to express the full and complete intention of the parties. (*Eighmie* v. *Taylor,* 98 N. Y. 288.) *Baird* v. *Baird* (145 N. Y. 659) was another case of want of present consideration. Many of these cases were cited by HAIGHT, J., in his dissenting opinion in the *Jamestown College* case and were found to be not persuasive by the court. The case of *Smith* v. *Dotterweich* (200 N. Y. 299) holds that proof of a conditional delivery is a well-recognized exception to the parol evidence rule but the

learned judge who wrote the opinion clearly stated the distinction applicable hereto when he said (p. 306): " The case of *Jamestown Business College Assn.* v. *Allen* is a salient illustration of the converse of this rule. There the promissory note was rendered effective and complete by an unconditional delivery. The payee agreed to release the maker, and to cancel the note, upon a future contingency which might or might not arise. That was clearly a condition subsequent which brought the case within the general rule that a contract reduced to writing and complete in its terms, cannot be varied and contradicted by oral testimony. Thus, to state the difference most concretely, the case at bar is one in which the oral testimony tends to show that the writing purporting to be a contract is in fact no contract at all, while in the case of the Jamestown Business College the oral testimony was in direct contradiction of the written contract as to the existence and validity of which there was no controversy."

No failure of consideration is shown. The certificate was transferred to defendant for the agreed bonus value. It ran only to the end of the year. He received what he bargained for. Proof of a bad bargain does not establish failure of consideration. Defendant may have had reason to expect better treatment but the Eighteenth Amendment was ratified on January 29, 1919, and put an end to bonus values.

The judgments should be reversed and judgment directed in favor of the plaintiff for the sum of $3,400, with interest thereon from May 24, 1915, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.