ARMSTRONG CORK AND INSULATION COMPANY, Plaintiff, *v.* ANTONIO PIRONE, Defendant.

City Court of New York, January 3, 1930.

*Clarence M. Davis*, for the plaintiff.

*Smith & Bowman*, for the defendant.

NOONAN, J. The plaintiff sues upon a promissory note dated November 9, 1928, made by the defendant, and payable to the order of the plaintiff, in the sum of $1,500, on October 8, 1929.

The answer pleads as a defense that prior to the delivery of the note sued upon the plaintiff had done certain cork insulating work for the defendant on the latter's refrigerator plant located in the borough of The Bronx, New York city, the entire cost of the work being $5,800, of which the defendant had paid all except the sum of $1,500, and that the defendant claimed the insulation work was defectively performed and refused to pay the balance of $1,500. The answer then alleges: "*Fourth*. The plaintiff thereupon requested the defendant to abandon any claim based on defects then apparent and to pay said balance, and agreed that if defendant would give plaintiff a note for $1,500 as evidence of the defendant's admission of the amount due, that plaintiff would hold such note only as such admission and as security for said payment, and allow said defendant to pay said sum of $1,500 when he should be able to do so; that if defendant had not paid said note at maturity plaintiff would surrender same to the defendant and accept a renewal note for a like term in place thereof. Defendant was unable to make any payments on said note, but has offered to pay to plaintiff the sum of $250 and to give plaintiff a renewal note due in one year for the balance, or to give promissory notes, each payable one hundred dollars monthly, for the balance,

and has otherwise duly performed all conditions on his part to be performed. *Fifth.* That the plaintiff corporation has refused to accept said renewal note or notes and has failed to grant defendant a further extension of credit and has diverted the note from the purpose for which it was made and delivered to plaintiff as aforesaid."

The plaintiff moves to strike out the defense just quoted. I think the motion should be granted, as the defense sets up a condition subsequent which varies the terms of the written instrument. There was consideration for the note, as it represented the balance of the contract price still unpaid. The plaintiff has performed its contract, although the defendant claimed an offset in an indefinite amount for defects in the work. The defendant, however, was willing to concede the plaintiff's claim, and gave the note in suit as evidence of such concession. The defendant says that the plaintiff agreed to do several things — *first,* to hold the note only as admission and as security for the payment of the balance of the contract price; *second,* to allow defendant to pay the note when it should be able to do so; and, *third,* that plaintiff would accept a renewal note on maturity. Each and every one of these alleged agreements would violate the terms of the note, which on its face is an absolute obligation to pay a certain sum at a certain time. A conditional delivery of the note is not pleaded. The authorities are numerous in holding that the plea of the defendant is bad in law. (*Fleury* v. *Roger,* 9 How. Pr. 215; *Ruppert* v. *Singhi,* 243 N. Y. 156; *Smith* v. *Dotterweich,* 200 id. 299; *Jamestown Business College Assn.* v. *Allen,* 172 id. 291; *Timmons* v. *Bourges Service, Inc.,* 205 App. Div. 600; *Middleton* v. *Wooster,* 184 id. 165; *Driscoll* v. *Colby,* 161 id. 922; *Ryan* v. *Sullivan,* 143 id. 471; *Uvalde Asphalt Pav. Co.* v. *National Trading Co.,* 135 id. 391, 396; *Carnegie Trust Co.* v. *Kleybolte & Co.,* 74 Misc. 246; *German Exch. Bank* v. *Schnitzer,* 72 id. 362.)

The plaintiff also moves to strike out another separate defense of the defendant, which alleges that subsequent to the giving of the note sued upon, and in the middle of August, 1929, which was at a time before the note became due, the work done by the plaintiff was found to be defective in other particulars, in that further and deeper cracks appeared in the cork insulation of the walls of the refrigerator. The defendant then claims that, as a result of these defects, it is damaged in the sum of $1,500. While not labeled as such, the defendant evidently intended to plead in this defense an offset to plaintiff's claim in the same amount. This defense might be pleaded more artistically. In my opinion this defense should remain in the answer, but, as the motion to strike

out the first defense is granted, with leave to serve an amended answer, the defendant should plead this second defense more formally in his amended answer. The defense in question attempts to set up a valid offset. While the defendant may be held to an abandonment of any claim of damages for defective work which existed at the time the note was made, he should not be precluded from proving, if he can, a subsequent claim for damages.

The motion to strike out the answer is granted, with leave to the defendant to serve an amended answer in six days after service of a copy of the order entered herein, with notice of entry and on payment of ten dollars costs. Order signed.