HENRY B. SMITH, JR., Appellant, *v.* JOHN NASH McCULLAUGH, Respondent.

First Department, February 26, 1932.

*William L. Hanaway* of counsel [*Breed, Abbott & Morgan,* attorneys], for the appellant.

*Milton M. Bergerman* of counsel [*Horace S. Manges* with him on the brief; *Weil, Gotshal & Manges,* attorneys], for the respondent.

O'MALLEY, J. The plaintiff sues on defendant's demand note in the sum of $13,787.50, made on or about June 15, 1926, to the order of the plaintiff. A balance of $6,914.50 is claimed to be due. Plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice has been denied upon the ground that a triable issue with respect to consideration was presented.

Plaintiff's moving papers showed that the note was delivered to him about June 28, 1926, pursuant to a syndicate agreement between plaintiff, the defendant, Albert J. Pfeifer and David L. Galbraith. This was signed by the defendant on the date last mentioned and delivered to the plaintiff with the note.

The agreement provided for the purchase of stock of the Citizens National Bank of Boston for the account and benefit of the syndicate. The plaintiff, the defendant and Galbraith had an equal participation of thirty per cent each and Pfeifer a ten per cent interest. Plaintiff was constituted manager and treasurer. He advanced the necessary capital and the other three parties delivered to him their promissory notes in payment of their respective participations. The stock when purchased was held in plaintiff's name.

The agreement contemplated a resale at a profit. Plaintiff was to give notice when he deemed it advisable to sell and if the parties were unable to agree upon the terms of sale, a fifth person was to be selected to decide the issue. Gains, losses and expenses were to be shared in proportion to the amount of each party's subscription. Plaintiff was to act without compensation.

The agreement contained this specific provision: " If for any reason the stock shall not be resold within sixty days from the effective date of this agreement, then, at the request of any one of the parties, the joint enterprise as to him shall end and upon payment of all sums chargeable against him, his share of the stock shall be transferred to his individual name and all of his rights and obligations as a party to the joint enterprise shall end."

After the purchase was made the stock depreciated and seems never again to have reached the purchase price of $150.70 a share. Liquidation of the Citizens National Bank followed and a liquidating dividend of $75 a share was paid to the plaintiff in June, 1927. Credit for this dividend has been allowed by him to the members of the syndicate, including the plaintiff.

The answer of the defendant admits the execution and delivery of the note and the agreement, but denies that the amount credited on the note was a payment made by him.

A first defense predicated upon a conditional delivery of the agreement and the note has been withdrawn. A second defense is to the effect that the defendant signed the note and agreement in reliance upon an express representation made to him by the plaintiff and the other parties to the agreement that the syndicate would be terminated within approximately sixty days after its date and all stock purchased sold in that time. It is alleged that if such representation had not been made the defendant would not have signed the agreement or executed and delivered the note; that such representation was false for the reason that the agreement was not terminated or the stock sold within said time, nor within two years thereafter; that such delay was due to the fault of the plaintiff and if the syndicate had been terminated and the stock sold as agreed, the defendant's share in the proceeds would have amounted to at least the principal amount of the note; that by reason of the plaintiff's wrongful delay in reselling the stock, the defendant was damaged in the amount sued for by the plaintiff. This defense also contains an allegation to the effect that there was no consideration for the note.

A third separate and partial defense, alleged also by way of counterclaim, is predicated upon the plaintiff's failure to comply with the defendant's instructions given on or about June 28, 1926, to the effect that the syndicate should be terminated as to the defendant within sixty days thereafter; that such syndicate was not terminated within sixty days nor within two years thereafter; that the delay was due to plaintiff's fault, and had defendant's instructions been carried out and the stock sold within sixty days, defendant's share of the proceeds would have amounted to at least the principal amount of the note sued upon, together with interest, less $2,351.55, which would be plaintiff's maximum damage; that by reason of plaintiff's wrongful act the defendant is damaged in the amount sued for, less said $2,351.55, and that except as already set forth, there was no consideration for the note.

The answering affidavit of the defendant sets forth no *facts* tending to support his second defense. We are of opinion, therefore, that no triable issue is presented with respect thereto. Moreover, it is to be observed that this defense pleads an oral agreement inconsistent with the terms of the written contract. Under well-established rules proof of such oral agreement may not be received. (*Ruppert* v. *Singhi*, 243 N. Y. 156; *Lion Brewery* v. *Fricke*, 204 App. Div. 470; *Kelly* v. *Ruppert*, 173 id. 116.)

Nor in our opinion has defendant shown a triable issue with respect to his third separate partial defense and counterclaim. As already noted, this is predicated upon a claim that he gave notice under the provisions of the written agreement that the joint enterprise as to him was to be terminated within sixty days. In support of this he relies upon a letter which he wrote to the plaintiff on June 28, 1926, at which time he forwarded the agreement and the note sued upon. The letter, so far as material, reads: "I attach signed agreement sent to me and also my note for the full amount of the stock in question. At the present time I am involved in a house proposition and several other matters, which have me sewed up.

"In view of this, declare me out of all profits, as I have not lived up to my agreement. However, I agree to stand by any losses taken. I believe this is the fairest proposition I can make."

This was not in our opinion a request that there should be a termination of the enterprise as to the defendant. It was a statement merely to the effect that he was to be declared out of all profits. So far as losses were concerned, however, the letter acknowledges defendant's liability therefor. That defendant did not regard himself as relieved from liability on his note is clear from his subsequent conduct.

In response to plaintiff's letter of September 7, 1928, in which defendant was asked to take up his stock, the defendant replied that he was not then in a position so to do. He said: "Frankly, at the present time I am not in a position to take up the stock. As you know, when I went into this I was lukewarm and agreed to take my share of the loss if there was one."

In reply to plaintiff's letter of December 1, 1928, upon the same subject the defendant wrote: "I will take care of the matter of the interest to which you refer immediately after the first of the year."

In June, 1929, when requested by the plaintiff again to pay interest, the defendant wrote: "Personally, I cannot do a thing on the Citizens National Bank matter, as I believe I told you some of the conditions."

And again in response to a letter from the plaintiff of July 2, 1930, the defendant wrote: "I have not answered your letters because it is impossible for me to make any statement.

"What is your proposition?"

Finally, on September 24, 1930, in reply to a further request by the plaintiff, the defendant wired: "Absolutely impossible to meet conditions outlined in your letter September ninth stop you know business conditions as well as I do."

Plaintiff showed by the affidavit of David L. Galbraith, one of the parties to the agreement, that on March 17, 1930, at a conference between plaintiff and defendant, when plaintiff requested defendant to pay the balance due and owing, the defendant admitted the balance then due and agreed to make every effort to discharge his obligation within sixty days.

Defendant fails in his attempted explanation of the position taken by him in this correspondence with the plaintiff. It is to the effect that he did not wish to prejudice his business relations with the plaintiff and the other parties to the agreement by disclaiming liability.

We are clearly of the opinion that the defendant has failed to present facts entitling him to defend and that the plaintiff should have judgment in full.

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.