In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate LAWYERS MORTGAGE COMPANY.

In the Matter of the Application of KIMBALL C. ATWOOD, JR., as Executor, etc., of KIMBALL C. ATWOOD, Deceased, for an Order Requiring LAWYERS MORTGAGE COMPANY, in Rehabilitation, and GEORGE S. VAN SCHAICK, Superintendent of Insurance of the State of New York, as Rehabilitator of LAWYERS MORTGAGE COMPANY, to Turn over and Pay to Said Applicant Certain Moneys of Said Estate Collected by and in the Hands of Said LAWYERS MORTGAGE COMPANY and Said Rehabilitator.

KIMBALL C. ATWOOD, JR., as Executor, etc., of KIMBALL C. ATWOOD, Deceased, Appellant; GEORGE S. VAN SCHAICK, as Superintendent of Insurance and Rehabilitator of LAWYERS MORTGAGE COMPANY, Respondent.

(Appeals No. 1 and No. 2.)

First Department, June 14, 1935.

*Eugene A. Sherpick* of counsel [*James J. Regan* with him on the brief; *Medina & Sherpick*, attorneys], for the appellant.

*Jess H. Rosenberg* of counsel [*John E. Toomey* and *Henry Spitz* with him on the brief; *Harry Rodwin*, attorney], for the respondent.

TOWNLEY, J. The petitioner, as executor under the last will and testament of Kimball C. Atwood, has appealed from the two orders above described. The undisputed facts are that the late Kimball C. Atwood, having a large sum of money to invest, purchased nine guaranteed mortgages from the Lawyers Mortgage Company. The order for this purchase was given to one McGreevy, an officer of that company, on June 6, 1929. On June 13, 1929, various papers in connection with the mortgages were delivered. Among them was the agency agreement, and the guaranty of the Lawyers Mortgage Company covering each separate mortgage. In each instance, the contract guaranteed "payment of the principal sum of $............. secured by said bond and mortgage, *as and when collected.*" (Italics ours.)

Payments on account of the principal of these mortgages were made from time to time but were not paid over to Atwood in accord-

ance with the terms of the written guaranty. The company attempted to justify the retention of these moneys by the claim that Atwood had agreed to the "Whole Mortgage Interest Plan" under which payments made in reduction of principal were reinvested in mortgage participation certificates issued by the mortgage company. It was first claimed that there was a written agreement to that effect. This claim was later abandoned and an alleged oral agreement between McGreevy and Atwood was relied on. This oral agreement was claimed to have been made at the time of the purchase of the mortgages by Atwood, which was concededly several days before the delivery of the written guaranty.

All of these prior arrangements were merged in the written contract under which the company guaranteed "payment of the principal sum * * * as and when collected." No oral testimony to contradict the express terms of this contract would be competent under the parol evidence rule. (*Lese* v. *Lamprecht*, 196 N. Y. 32; *Mitchill* v. *Lath*, 247 id. 377.) Concededly the testimony sought to be obtained by the commission to examine McGreevy was to establish such agreement.

On the record as it stands no facts are stated in opposition to this application which constitute a legal defense to the claim and none could be established by the oral testimony of McGreevy.

The orders appealed from should be reversed, each with twenty dollars costs and disbursements, the motion for payment of the amount claimed granted, and the motion for issuance of a commission denied.

Martin, P. J., McAvoy, O'Malley and Glennon, JJ., concur.

Order entered January 4, 1935, reversed, with twenty dollars costs and disbursements, and motion for payment of the amount claimed granted. Settle order on notice.

Order entered March 26, 1935, so far as appealed from, reversed, with twenty dollars costs and disbursements, and motion denied.