V. VALENTE, INC., Plaintiff, *v.* VENANZIO MASCITTI, Defendant.

City Court of Rochester, Civil Branch, April 26, 1937.

*O'Brien & Emerson [William H. Emerson* of counsel], for the plaintiff.

*Charles Lambiase,* for the defendant.

TOMPKINS, J. The plaintiff sues upon a conditional contract of sale to recover the unpaid balance of purchase price of a Zenith radio, the subject of the sale. The defendant sets up an oral warranty, to the effect that the radio in question was capable of receiving programs distinctly and clearly as broadcast from the city of Rome, Italy.

Upon the trial the defendant testified, over plaintiff's objection, that before signing the conditional sales contract at plaintiff's store, the plaintiff, referring to the radio, said to him: " Here's the best one I got in my store. You can get any station in Rome and any time you want and clearly." And that at the time he signed the contract he said to the plaintiff's president: " Mr. Valente, if the radio don't work all right, I will bring it back." And Mr. Valente replied: " All right, any time."

From the evidence of the defendant and from the plaintiff's expert Hoepfl, it is apparent that the radio did not get the broadcasts from Rome clearly.

The contract in suit is a printed form containing the name of the plaintiff and various provisions usually found in conditional contracts of sale, with the name of the radio in question written in, its price, terms of payment, the address of the purchaser, and it is signed by the purchaser, the defendant herein. The receipt of the radio is acknowledged. The contract contains no obligations to be performed on behalf of the seller. May the buyer establish by parol testimony an oral warranty as to what the radio would do, made at the time or just before the signing of the written contract?

The so-called parol evidence rule may be stated as follows: Where the writing contains the elements necessary to make an enforceable contract binding upon the parties thereto, parol evidence of contemporaneous or prior oral negotiations between the parties thereto will not be received to contradict, vary, add to, or subtract from its terms. This rule is still applied by the courts of this State, with the exception that, within certain limitations, parol evidence may be received to add to the terms of the written instrument, and thereby create additional rights or obligations as between the parties thereto. The outstanding authority for this exception is *Chapin* v. *Dobson* (78 N. Y. 74). The ostensible ground for the exception is that the " original contract was verbal and entire and a part only reduced to writing." (78 N. Y. 74, at p. 79.) Of course, where the parties are present at the execution of the writing, the original terms of the contract ordinarily and almost necessarily are first defined and agreed to, orally. When reduced to writing and signed by the parties the signed instrument is then presumed to contain all that the parties have orally agreed to; that is, the whole contract.

In *Chapin* v. *Dobson* there was a written contract for the sale and delivery of specifically described Breaker Feeders, to be paid for as therein stated. As written, the contract was clearly enforcible. The defendant, however, was permitted to prove a contemporaneous express warranty to the effect that the machines would work well and to the satisfaction of the buyer, and if they did not the seller would take them back. This oral warranty did not change or contradict any of the written terms. It did, however, add to the written terms by creating new and additional rights and obligations proven by oral testimony. Since the exception was laid down and announced in *Chapin* v. *Dobson*, it has been cited by the courts of this State scores upon scores of times; usually explaining its meaning, distinguishing the facts, or limiting its application. The Court

of Appeals has never expressly overruled the decision made. It is still the law governing the courts of this State. In *Mitchill* v. *Lath* (247 N. Y. 377, at p. 383) the court citing the case said: " This is acknowledged to be on the border line and is rarely cited except to be distinguished. Assuming the premises, however, the court was clearly right." The last case was an action to enforce the defendant's oral promise to move an icehouse upon the premises sold by plaintiff to defendant under a written contract, induced by the oral promise. By a divided court, the promise was held unenforcible. Judge LEHMAN, dissenting, did not disagree with the court's statement of the rule permitting oral evidence to vary a written contract, but with its application. While both the prevailing and dissenting opinions agree that where the question is close, citation of authority is of little avail (See 247 N. Y. 377, at pp. 382 and 388), yet an examination of the determining principles which have been announced and applied is useful, even necessary.

In *Eighmie* v. *Taylor* (98 N. Y. 288) one of the outstanding and oft-quoted authorities upon the rule, the plaintiff sought to engraft upon a written document for the sale of an oil lease and fixtures which contained (p. 296) " mutual covenants for the protection of each party," an oral express warranty as to the capacity of the oil well. The opinion, discussing *Chapin* v. *Dobson*, said (at p. 294): " It was said of the instrument then in question that there was nothing upon its face to show that it was intended to express the whole contract between the parties." And further (at p. 297) that where the contract " purports only to state one side of an agreement merely and is the act of one of the parties only * · * * the exception may properly apply, and the oral agreement be shown." This opinion by that distinguished jurist, Judge FINCH, was concurred in by Judge DANFORTH, who wrote the opinion in *Chapin* v. *Dobson*. The court applying these principles to the written contract containing the mutual covenants of the parties thereto, excluded the additional oral warranty. The written, complete, mutual obligations expressed therein excluded all other contemporaneous oral covenants or warranties as to the same subject matter.

When the written contract, by its terms, specifically states it contains the whole contract or provides that no other oral agreement shall qualify its terms, the rule prevails, and oral testimony will not be received. This was the case in *Bareham & McFarland, Inc.*, v. *Kane* (228 App. Div. 396, 401). It is recognized in *Ruppert* v. *Singhi* (243 N. Y. 156, at p. 160), where the court referred to *Chapin* v. *Dobson* (*supra*) and said: " But this rule [the exception]

does not apply when it appears from inspection of the instrument that it was intended to express the full and complete intention of the parties." (Citing *Eighmie* v. *Taylor, supra.*)

I think we may deduce from the decision of *Chapin* v. *Dobson,* as explained by the subsequent decisions of our highest court, the following: Upon the sale of personal property evidenced by a written agreement, complete on its face, an oral warranty as to the subject matter of the sale may be shown by parol, where: (1) The written agreement, by its terms, does not state or clearly imply that it contains the whole contract; (2) the oral warranty does not change or contradict the terms expressed, as where, though not necessarily, the writing contains the obligations of but one party to the sale, *e. g.*, the seller; and (3) the entire agreement was reached orally before the writing was signed and but a part thereof was incorporated in the writing.

These enumerated conditions are intended to apply solely to the establishment of an oral warranty where the sale itself is embodied in a writing. I do not think they conflict with the conditions stated in *Mitchill* v. *Lath* (247 N. Y. 377, 381), as applying generally to the receipt of oral evidence, " to vary the written contract."

The need of liberalizing the rule excluding oral testimony is obvious at this time, particularly in the face of high-pressure salesmanship. Contracts of sale today are furnished on printed forms. All that is necessary is to insert a description of the subject matter, the price and terms of payment, and procure the buyer to sign. How often does the buyer know the extent of his obligations or the extremes to which the seller may resort to enforce his remedy? It is the seller whose interests are safeguarded in the printed form he produces and asks the buyer to sign.

The conditional sales contract in question conforms to the conditions stated: It does not purport to contain the entire contract of sale; the oral warranty that the radio would get Rome clearly does not contradict any term of the writing, which contains merely the obligation of the buyer plus the remedy of the seller. The writing acknowledged receipt of the radio by the buyer; consequently, the agreement had already been reached upon the delivery of the radio and, therefore, prior to the signing thereof by the defendant. The writing embodied but part of the agreement. The warranty on which the buyer relied was omitted from the conditional sales contract, made solely for the benefit of the seller.

The warranty comes within the exception laid down in *Chapin* v. *Dobson,* as explained in *Eighmie* v. *Taylor,* and as applied in the concurring opinion of Justice COCHRANE in *Finkle* v. *Lasher* (178 App. Div. 471, 474).

The plaintiff's president told the defendant: "You can get any station in Rome and any time you want and clearly." This is a plain, unequivocal affirmation of what the radio would do. It is an express warranty. (Pers. Prop. Law, § 93.) To one of Italian birth or parentage the ability to get the metropolis of his motherland, to listen to the music of his native tongue, meant infinitely more than the jazz of Broadway. The assurance induced the defendant to buy the radio and sign the contract of conditional sale. The radio failed to materialize his promised dream. The plaintiff attempted to remedy, but without success. The radio, so far as getting Rome clearly is concerned, is a failure. The warranty is breached.

The defendant is entitled to his remedy. The plaintiff, in making the warranty, consented to the remedy proposed by the defendant. He would return it. He has offered to do so, but the plaintiff has refused to permit it. The plaintiff may not recover herein.

The complaint is dismissed on the merits.