THOMAS J. LEWIS et al., Plaintiffs, *v.* CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, March 26, 1947.

*Henry Woog* for plaintiffs.

*A. Donald MacKinnon* for defendant.

HAMMER, J. Motion for summary judgment under rule 113 of the Rules of Civil Practice is granted. This is a statutory action brought in aid of an attachment. Plaintiff Lewis instituted an action in which he obtained an attachment against Aireon Manufacturing Corporation. The attachment was served upon the Chase National Bank of the City of New York, which is the defendant in this action. That bank had in its possession a sum in excess of the amount of the demand of plaintiff Lewis as indicated in the attachment. The bank has refused to turn over this sum to the plaintiff sheriff, on the ground that it is being held in a special account for a special purpose and constitutes trust funds. If the amount deposited

is a trust fund plaintiffs cannot recover. On the other hand if the relationship between defendant and its depositor is that of debtor and creditor plaintiffs may recover. The nature of this relationship appears to be a question of law. Defendant urges that this question of law cannot be determined until the court is apprised of all the facts. However on the facts submitted if the question of law is capable of determination the decision should not be withheld because of a claim of other facts, not disclosed, which might result in a different determination. If there are other facts as claimed of which defendant has knowledge defendant should disclose them on this motion. Rule 113 of the Rules of Civil Practice casts on the defendant the burden of showing by affidavit or other proof " ' such facts as may be deemed * * * sufficient to entitle him to defend '. " (*McAnsh* v. *Blauner*, 222 App. Div. 381, 383, affd. 248 N. Y. 537; *Smith* v. *McCullaugh*, 234 App. Div. 490, 494.) Unless the facts set forth in the submitted affidavits present an issue of fact, the matter must be disposed of as a question of law.

The service of the warrant and the existence of the fund sought to be attached are not disputed. The facts from which the nature of the fund could be determined are before the court in the depositor's resolution creating the fund, the provisions of the depositor's articles of incorporation with reference to the setting aside of the fund; the letters of the depositor to the defendant with reference to the fund, and a partial transcript of the testimony of defendant's officer given in an examination under section 919 of the Civil Practice Act. From the matters therein disclosed, none of which are in dispute, there is no issue of fact and there results only a question of law which will be determined. The depositor's letter of June 30, 1945, directed the defendant to set aside $23,000 from its depositor's general funds and to keep them in an account designated as " Special Preferred Stock Retirement Fund Account ". The amount was set up in accord with the provision of the depositor's preferred stock issues. The resolution covering withdrawals from the bank refers to the designation of the account but places no limitation whatever on the right of withdrawal. The articles of incorporation of the depositor corporation indicate (art. 5-d) that the corporation may redeem its preferred stock and under subdivision e of the same article an obligation is imposed on the corporation to set aside 10% of its profits and deposit same in an account bearing the designation of that maintained with defendant. The amounts to be set aside " shall be *applied*

*by the corporation* from time to time at its discretion within a period of one year after such amount is so set apart, to purchase of shares of Preferred Stock in the open market at prices not in excess of the redemption price (elsewhere provided) if shares are purchasable at such price or prices, or shall be applied to the redemption of such shares * * * " (italics and matter in parentheses supplied). Funds so set aside by a corporation do not constitute trust funds for the reason that the defendant has made no engagement to pay such funds to anyone. If defendant was obligated to use or was directed to use such fund for the purchase of the preferred stock or to redeem same, the situation might be different (*Noyes* v. *First National Bank of New York,* 180 App. Div. 162, affd. 224 N. Y. 542; *Staten Island Cricket & Baseball Club* v. *Farmers' Loan & Trust Co.,* 41 App. Div. 321; *Nacional Financiera, S. A.,* v. *Speyer,* 261 App. Div. 599). For the reasons above assigned the motion for judgment is granted and judgment is directed for the relief sought in the complaint. Settle order.