Van Voorhis, J.
Defendant Chain Belt Company appeals from an order denying its motion for summary judgment dismissing the complaint against it. Plaintiff’s charge is that on December 28, 1939, Chain Belt broke a contract under which plaintiff’s assignor had been granted exclusive selling rights, by conferring part of such rig’hts upon another. The fifth cause of action is the only one against Chain Belt. This motion particularly concerns the subject matter of paragraph 14 of the complaint, which is repeated in the fifth cause of action, *553 and alleges that on February 2, 1937, Chain Belt entered into the agreement in question, but for a term which its language stated “ shall expire December 15, 1937, at which date a new contract may be entered into by mutual agreement.” This contract was renewed annually through December 15, 1939. The complaint continues at this point: “ Said agreement was duly renewed after its expiration date for a further term ending. December 15, 1940, by both parties continuing to act thereunder pursuant to all of the terms thereof, in all respects as previously done under said agreement and its predecessor agreements.” On December 29, 1939, Chain Belt wrote to plaintiff: “ This contract became automatically cancelled on December 15, 1939, and in order to be in force for the year 1940 it had to be renewed, and this letter confirms our conversation of yesterday explaining to you the circumstances which made it necessary to advise you that we cannot renew your Bex Distributors contract and selling privileges you had thereunder are automatically cancelled by this letter, with one exception * * * the exception referred to above is as follows: The Chain Belt Company grants you exclusive sales rights * * * to those contractors who have projects on the Delaware Biver Aqueduct. ’ ’
In its bill of particulars plaintiff states that the contract was broken on December 28, 1939, the day before this letter was written, by defendant’s entering into an agreement to sell through another firm, known as Edward Ehrbar, Inc., except for the Delaware Biver Aqueduct projects.
In July, 1940, a stockholder of plaintiff instituted a derivative action, the third cause of action in which charged against Chain Belt the same breach of contract upon which plaintiff sues now. In September, 1941, plaintiff commenced another action against Chain Belt in the Supreme Court, New York County, which was removed to the United States District Court for the Southern District of New York, to recover commissions against Chain Belt by reason of sales effected by plaintiff after December 29, 1939, of equipment for use in construction work upon the Delaware Biver Aqueduct. The contract relied upon by plaintiff in that suit was Chain Belt’s letter of December 29, 1939, quoted from above, which renewed plaintiff’s previous sales agreement, but as modified and limited to sales to contractors for use on Delaware Biver Aqueduct projects. In testifying in answer to interrogatories in the Federal court action, plaintiff’s vice-president stated that the contract on which plaintiff claimed commissions in that action was a written contract expiring by its terms on December 15, 1939, which *554 “ was renewed and modified in writing on or about December 29, 1939, as of December 15, 1939.”
In the Federal court action plaintiff recovered partial summary judgment for $7,207.15, which defendant paid, and later the balance of the action was settled for $6,000. (50 F. Supp. 1001.) In the settlement, plaintiff gave a release which excepted plaintiff’s claims by reason of matters at issue in the stockholder’s derivative suit. The latter suit was afterwards discontinued by stipulation, but was revived by the present action in December, 1945.
The exception in plaintiff’s release of claims involved in this action did not create a liability against Chain Belt. There is no triable issue concerning the claim asserted by plaintiff against Chain Belt in this action. Plaintiff has no cause of action against Chain Belt on the facts in this record, and had none to reserve when it gave its release in termination of the Federal suit. The written contract between these parties which expired December 15, 1939, contained no provision for renewal, except a statement that “ a new contract may be entered into by mutual agreement.” The burden is upon plaintiff to prove that a new contract was entered into by mutual agreement. The circumstance that in previous years this contract had been renewed by the parties continuing to act under it, such renewals being eventually confirmed by letter, did not change the agreement so as to make it provide that it would renew itself unless notice were given to the contrary. It was still necessary for plaintiff to show that it was renewed in its entirety after December 15,1939, “ by mutual agreement.” Such agreement could have been manifested by acts as well as by words, but plaintiff has shown no facts evidencing such conduct on the part of defendant Chain Belt during the two-week period from December 15 to December 29, 1939.
When, upon its present motion for summary judgment, defendant Chain Belt proved by documentary evidence that the said contract was not renewed except in part by its letter of December 29,1939, and was continued only as to sales for the Delaware River Aqueduct projects, plaintiff was required to verify its cause of action by producing evidentiary facts showing that the contract which expired December 15,1939, had been renewed in its entirety by mutual agreement between December 15 and December 29, 1939. (General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133, 139; Smith v. McCullaugh, 234 App. Div. 490, 492; Bertolf Bros., Inc., v. Leuthardt, 261 App. Div. 981; H. E. Swezey & Son Motor Transp., Inc., v. Reich Bros. *555 L. I. Motor Freight, Inc., 272 App. Div. 771, 772.) No such facts were produced. The mere conclusion of fact is not enough as stated in the complaint: “ Said agreement was duly renewed after its expiration date for a further term ending December 15, 1940, by both parties continuing to act thereunder pursuant to all "of the terms thereof, in all respects as previously done under said agreement and its predecessor agreements.” Neither is the general language in the bill of particulars sufficient to comply with the rule requiring evidentiary facts to show that there is a real issue to be tried, which states that “ The acts pursuant to which plaintiff and defendant renewed the said contract for a further term ending December 15, 1940, consisted of plaintiff, its agents and servants, continuing to solicit business for the defendant, reporting to the defendant as to plaintiff’s activities and the acquiescence of the defendant and participation by the defendant in such acts and conduct.” Alleging “ acquiescence ” and “ participation ” by defendant is a mere conclusion. It may well be, if before writing its letter of December 29, 1939, defendant Chain Belt accepted orders which it knew plaintiff had procured after December 15th, that this would amount to a renewal, but not only are no such acts set forth, which undoubtedly would have been stated if they had occurred, but we are also confronted with the fact that plaintiff obtained judgment for commissions on Delaware River Aqueduct sales in 1940, on the express basis presented in the Federal court by plaintiff that the contract had been renewed as modified in writing by Chain Belt’s letter of December 29, 1939. Having recovered judgment against defendant on that basis, plaintiff should be deemed to have elected to recognize that letter as having established the contractual relationship of the parties, and should not be permitted to take an inconsistent position now.
The order appealed from should be reversed and the motion for summary judgment by defendant Chain Belt Company should be granted dismissing the fifth cause of action against it in the second amended complaint, and dismissing the action against said defendant, with costs of the action and of this appeal.
Peck, P. J., and Dobe, J., concur; Cohn and Shientag, JJ., dissent and vote to affirm.
Order reversed, with costs and disbursements to defendant-appellant, and said defendant-appellant’s motion for summary judgment dismissing the fifth cause of action in the second *556 amended complaint granted, and judgment is directed to "be entered herein dismissing the complaint herein as to said defendant, with costs.