Arthur Gr. Klein, J.
This action was tried before me without a jury, both parties having waived findings of fact and conclusions of law. The action is on an alleged written agreement of guarantee given by the defendant M. Gr. M. Factors Corporation covering goods sold by the plaintiffs to the defendant Roselle Manufacturing Company, Inc. The guarantee was limited to the amount of $10,000. The defendant Roselle is out of business and was not served with process. The execution of *618 the guarantee by the defendant is not disputed. In addition to the general denials the defendant alleges as a separate defense that the guarantee was limited to one transaction and that the agreement was on condition that the defendant be informed of such sale as soon as it was made and on the further condition that the plaintiff would supply the defendant with all invoices rendered to Roselle. In addition, defendant denies that it was ever given notice by M. Lowenstein & Sons, Inc., that Pacific Mills Fabrics, Inc., had become one of its subsidiaries and that any sales by it to Roselle were therefore covered by the guarantee.
The guarantee contains no language which limits it to a single transaction. By its terms, and the language is clear, it is an unconditional guarantee to an amount not exceeding $10,000. The letter from the defendant to the plaintiff Lowenstein, which the latter denies ever receiving, is nothing more than a request that the defendant be supplied with copies of all invoices. It does not add anything to the guarantee. In any event it would not be effective to vary or modify the express provisions of the written guarantee. (Matter of Lawyers Mtge. Co., 245 App. Div. 53, 55; Ruppert v. Singhi, 243 N. Y. 156; Mitchill v. Lath, 247 N. Y. 377.) Under the terms of the guarantee it applied as well to any other corporation which was a subsidiary or affiliated with Lowenstein. It was unnecessary to give notice. It was proved at the trial that Pacific Mills Fabrics, Inc., was a wholly owned subsidiary of Lowenstein and that Pacific sold and delivered to Roselle goods at the agreed price and reasonable value of $4,439.77. There was no obligation under the guarantee to notify defendant.
At the trial the defendant appeared to take the position that, due to alleged fraud or mistake, the agreement of guarantee was not the true agreement between these parties. No objection was made to the proffer of testimony along this line. The evidence, however, is completely inadequate to establish any such defense even if it had been pleaded. The testimony of the defendant’s witnesses falls far short of showing any oral promise by the plaintiff to write into the guarantee the condition that defendant’s liability would be dependent upon the receipt of invoices. It is difficult for the court to accept the testimony of defendant’s witnesses that defendant’s president signed the guarantee form with the understanding that changes would be made in the said guarantee after it was signed. An experienced businessman, and certainly one as successful and wise in the field of factoring and financing as defendant’s president appeared to be, would *619 have had the corrections or additions made before he signed the agreement. Judgment is accordingly awarded to the plaintiff against the defendant M. G-. M. Factors Corp. in the sum of $10,000 with interest from November 13, 1956. The foregoing constitutes the decision under section 440 of the Civil Practice Act.