Emmett J. Schnepp, J.
The wi'thin action was instituted on June 24, 1969 for a money judgment arising from the nonpayment of a promissory note made by the defendants, payable to Associated Drywall Company, dated at Rochester, New York, 1967 and due “ninety days after date.” Defendants concede the making of the note, but claim that it is not yet due, because at the time the note was made, it was orally agreed that payment on the note would only be due upon commencement of construction of a cértain described building or within six years, whichever event should occur sooner.
The issue presented is whether the alleged oral contemporaneous agreement may be availed of as a defense.
The delivery of a contract complete in form does not bar parol evidence that the instrument is 11 not to become binding until the happening of some condition precedent resting in parol, or that the transfer is for a special purpose. ’ ’ (Grannis v. Stevens, 216 N. Y. 583, 587; see 41 N. Y. Jur., Negotiable Instruments, § 225; Uniform Commercial Code, § 3-306.)
*127 Here, the parol evidence is offered by the defendants not to show that the delivery of the instrument, which on its face appears to be a note, was conditional, but solely to establish that the definite date of payment was something other than expressed in the note and dependent upon subsequent conditions. There is a clear distinction in the law between conditions attached to the delivery of a note, which permits parol evidence, and conditions attached to the payment or discharge thereof. (41 N. Y. Jur., Negotiable Instruments, § 392.) There was full consideration for the note and plaintiff holds it for value. The note was complete on its face when delivered. The parol evidence, if admissible, would show only that some event would have to take place before the note became due. Such parol evidence thus serves only to contradict or vary the terms of payment appearing on the face of the note, is clearly inadmissible, and cannot be availed of as a defense. (Bloom v. Horwitz, 100 Misc. 687, 691; Higgs v. de Maziroff, 263 N. Y. 473; Block v. Stevens, 72 App. Div. 246; Myers v. Stein, 154 App. Div. 631, 635; State Bank of Newfane v. Lautz, 141 Misc. 276; Timmons v. Bourges Serv., 205 App. Div. 600; Central Hanover Bank & Trust Co. v. Duffy, 258 N. Y. 600; Ruppert v. Singhi, 243 N. Y. 156; West End Fed. Sav. & Loan Assn. v. Di Boise, 19 A D 2d 476.)
Accordingly, no triable issue of fact exists and the motion of plaintiff for summary judgment is granted.
In view of the foregoing holding it is unnecessary to pass on other contentions of defendants respecting the authority of certain individuals to make such alleged agreement.