OPINION OF THE COURT
Arthur E. Blyn, J.
Plaintiff, Chemical Bank, moves for an order pursuant to CPLR 3213 directing the entry of summary judgment on a series of three notes.
The funds in question were loaned to 2440 Amsterdam Ave. Corp. and 2440 Amsterdam Associates, a limited partnership, as a construction loan. The individual defendant, William J. Terranova, Jr., guaranteed one of the notes in question. The defendant corporation, as general partner in the defendant limited partnership, and the defendant limited partnership offer no substantial opposition to the relief sought by plaintiff.
The individual defendant Terranova’s key defense arises out of the circumstances surrounding the signing of the guarantee of the notes. There is a dispute as to the facts but for purposes of this motion the court will assume the truth of those proffered by defendant Terranova.
Terranova contends that after substantial funds were committed by plaintiff to the construction a fire occurred substantially damaging the premises. 2440 Amsterdam Associates needed further advances over the $700,000, committed by plaintiff and secured by the premises, to continue building. The limited partnership maintained fire insurance for the premises but the bank was not named as a loss payee of the insurance policy. Terranova alleges that *461 in order to insure that the fire insurance proceeds would be paid to plaintiff and not used elsewhere, Chemical Bank required his personal guarantee prior to any additional loans. Terranova thus claims that he personally guaranteed the note in question conditioned upon the subsequent cancellation of the guarantee when the fire insurance proceeds were paid to plaintiff. There was no written evidence to support the condition upon which the guarantee was given. The entire arrangement was oral. Subsequently the fire insurance proceeds were turned over to plaintiff. Terranova points to the two notes subsequently signed by the limited partnership, upon which funds were advanced without a personal guarantee, to support his version of the facts.
Defendant Terranova argues that the guarantee was subject to a condition precedent pursuant to section 3-306 of the Uniform Commercial Code and that therefore parol evidence is admissible to establish the conditions under which the note was guaranteed. (See Long Is. Trust Co. v International Inst. for Packaging Educ., 38 NY2d 493.)
As the Long Is. Trust Co. case (supra) indicates in a 4 to 3 decision, a condition precedent to the indorsement of a note may be substantiated by parol evidence. However, a condition subsequent may not be substantiated by parol evidence. (See Ruppert v Singhi, 243 NY 156; Smith v Dotterweich, 200 NY 299.)
The facts herein clearly indicate that defendant Terra-nova is relying on parol evidence to establish a condition subsequent to the guarantee. Terranova unconditionally gave his guarantee of the note subject to the condition subsequent of cancellation upon payment to plaintiff of the fire insurance proceeds. Therefore any claimed defense to the guarantee by this condition subsequent cannot be substantiated by parol evidence.
The other defendants argue that the books of the limited partnership do not reflect that the $115,000 in consideration of the note was received by the limited partnership. However, they do not seriously contend that the notes lacked consideration and Terranova’s affidavit otherwise rebuts any conjecture that there may have been an absence of consideration.
*462 Accordingly, plaintiff’s motion is granted to the extent of directing the entry of summary judgment in the sum of the principal balance due, stated in each of the three causes of action. With regard to computation of interest based upon plaintiff’s rate for prime commercial loans, the court severs this issue and sets it down for an assessment of damages.